THOMAS PATRICK MONAGHAN, JR., Plaintiff-Appellant, v. DiPAULO CONSTRUCTION COMPANY *et al.*, Defendants (The City of Park Ridge, Defendant-Appellee).

First District (5th Division) No. 84—2820

Opinion filed January 31, 1986.

Philip F. Maher, of Chicago (Philip F. Maher and Philip J. McGuire, of counsel), for appellant.

Judge & Knight, Ltd., of Park Ridge (Gregory G. Lawton, of counsel), for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal plaintiff contends that summary judgment was improperly entered for defendant, the city of Park Ridge (Park Ridge), in his action for damages because of personal injuries.

It appears that on August 17, 1975, at about 8:30 p.m. plaintiff was returning from a picnic sponsored by a tavern and was injured when he was thrown from his motorcycle while eastbound on Devon Avenue in Park Ridge. From the documents submitted by the parties in support of and in response to motions for summary judgment, it is clear that plaintiff had no recollection of the occurrence resulting in his injuries. He could not recall anything he did or what happened to him after leaving the picnic until he regained consciousness in the hospital. He particularly does not know when, how or where the accident occurred. The only occurrence witness was Steven Goldberg who, when about a block from the scene of the accident, "heard the sound of the motorcycle cut out" and upon looking in the direction of that sound he saw "a motorcycle and a passenger, or a driver, flying

through the air." Goldberg did not see the motorcycle strike anything and didn't know what caused it to flip through the air.

It was and is the position of plaintiff that his vehicle struck a median strip under construction on Devon Avenue[1] and that Park Ridge failed to properly illuminate the median strip and failed to provide barricades or signs as warning of its presence. Plaintiff also provided the affidavit of a registered safety engineer, in which he stated that certain traffic control devices, including warning signs and barricades, should have been provided. The motion of Park Ridge was granted, and this appeal followed.[2]

OPINION

■ Summary judgment is appropriate when the pleadings, depositions, admission on file and affidavits present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c); see also *In re Estate of Whittington* (1985), 107 Ill. 2d 169, 483 N.E.2d 210), and as stated in *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847, "if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered." *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500.

■ In *Kimbrough v. Jewel Companies, Inc.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328, plaintiff fell on a ramp as she left a Jewel store, and although there were grease spots on the ramp she did not know why she fell or even that she had slipped on the grease. The court held that because a causal connection had not been established between her fall and any condition under the control of defendant, a verdict would have to be directed at trial and thus the entry of summary judgment for Jewel was proper. In the instant case, plaintiff presents an even more tenuous connection between the occurrence and any of the alleged breaches of duty by Park Ridge and because liability cannot be predicated upon mere surmise or speculation as to what possibly happened to cause an injury (*Vance v. Lucky Stores,*

---

[1]The record discloses that the construction had been completed but that landscaping remained to be done.

[2]DiPaulo Construction Company's motion for summary judgment was denied, and the case remains pending in the trial court as to it and other defendants.

*Inc.* (1985), 134 Ill. App. 3d 166, 480 N.E.2d 167; *Withey v. Illinois Power Co.* (1961), 32 Ill. App. 2d 163, 177 N.E.2d 254), it appears that plaintiff has not shown that his injuries were caused by any of alleged breaches of duty by Park Ridge.

We reach this conclusion because plaintiff had no memory of the accident and admitted that he did not know how it happened and did not know whether he struck the median strip or anything else, and because Goldberg, the only witness to the occurrence, did not see the motorcycle hit anything and did not know why it flipped in the air. He stated also that he could not say whether it was in the air because it struck either the rumble or median strips or whether it flipped even before it reached the strips.

Although plaintiff may rely on reasonable inferences which may be drawn from the facts considered on the motion for summary judgment (*Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 340 N.E.2d 184), here he relies solely on the fact that Goldberg saw plaintiff and the motorcycle flying through the air in the area of the median strip to raise the inference that he struck it. However, we find nothing in the record from which it could be inferred therefrom that any of the alleged breaches of duty by Park Ridge was a proximate cause of his injuries. Goldberg not only did not know what caused plaintiff and his motorcycle to flip in the air but also could not say that it didn't flip before reaching the strips. It is thus possible that plaintiff may have been flipped from his motorcycle before reaching even the rumble strip because of some cause not related to the alleged breaches of duty by Park Ridge, such as some object on the street or a moving vehicle, either of which may have caused him to swerve and lose control of his motorcycle, or he may even have seen the median strip in sufficient time to have avoided it but was unable to do so for some unknown cause. In this regard, it is noted that after a subsequent observation of the scene by plaintiff he admitted that there was nothing to obstruct his view of the median strip and that only Goldberg gave any testimony as to the lighting, stating that there was normal street illumination which lighted the scene and he apparently had good vision of the area from his position about a block away.

Plaintiff, in effect, first draws an inference that he struck the median strip because he and his motorcycle were seen flying through the air near the strip; then from the inference that he struck the strip, he infers that he didn't see it; and finally he infers that he didn't see the strip because of one or more of the alleged breaches of duty by Park Ridge. While reasonable inferences may be drawn from undisputed or established facts, an inference of negligence cannot be

established on inferences which are merely speculative in nature (*Laflin v. Estate of Mills* (1977), 53 Ill. App. 3d 29, 368 N.E.2d 522). From the record here, the inferences that plaintiff did not see the strip and that his failure to see it was due to alleged breaches by Park Ridge are merely speculative in nature. Moreover, assuming that plaintiff struck the median strip, the mere possibility that he did so by reason of any alleged breach of duty by Park Ridge is not sufficient to show proximate cause (see *McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill. App. 2d 39, 53, 243 N.E.2d 657, 664, and *Vance v. Picken* (1968), 93 Ill. App. 2d 294, 235 N.E.2d 266, citing *Celner v. Prather* (1939), 301 Ill. App. 224, 22 N.E.2d 397). In the light thereof, we find that summary judgment for Park Ridge was properly entered.

Accordingly, the judgment is affirmed.

Affirmed.

LORENZ and PINCHAM, JJ., concur.