MARILYN GEELAN, Indiv. and as Adm'r of the Estate of Brenda Geelan, Deceased, *et al.*, Plaintiffs-Appellants, v. THE CITY OF KANKAKEE *et al.*, Defendants-Appellees.

Third District No. 3—92—0247

Opinion filed December 14, 1992.—Rehearing denied January 20, 1993.

Law Offices of Harry A. Schroeder, of Chicago Heights (Harry A. Schroeder, of counsel), for appellants.

Francis D. Morrissey, Thomas F. Tobin, Michael A. Pollard, and Lorrie A. Vick, all of Baker & McKenzie, of Chicago (Thomas W. Cushing, of counsel), for appellee Illinois Central Gulf Railroad.

JUSTICE McCUSKEY delivered the opinion of the court:

Plaintiff appeals the trial court's grant of summary judgment in favor of defendant in a negligence action involving an automobile collision with an underpass pier. Plaintiff contends the trial court erred in finding the plaintiff could not establish any facts showing proximate causation between defendant's alleged negligence and the death of plaintiff's decedent. We agree with the trial court's findings and affirm.

Plaintiff, Marilyn Geelan, is the surviving parent and administrator of the estate of Brenda Geelan. Plaintiff's decedent died from injuries she received in a single-vehicle collision on January 18, 1988. Plaintiff alleged that at 11:18 p.m. the decedent was driving an automobile westbound on East Brookmont Boulevard in Kankakee. Near 100 East Brookmont the road passed under a railroad trestle controlled by defendant, Illinois Central Gulf Railroad. The accident occurred when the decedent's vehicle collided with an underpass pier.

Plaintiff sought recovery from defendant under the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, pars. 1, 2) and pursuant to the Survival Act (Ill. Rev. Stat. 1987, ch. 110½, par. 27—6). Plaintiff alleged defendant was negligent in (1) "fail[ing] to provide and maintain adequate and proper lighting and illumination under the said underpass," and (2) "fail[ing] to provide and/or maintain down lights to illuminate the underpass pier."

Defendant moved for summary judgment based upon the absence of evidence establishing any causal relationship between its alleged negligence in illuminating the underpass pier and the death of the plaintiff's decedent. The trial court granted defendant's motion. The trial court in its memorandum opinion found the plaintiff could not establish any proximate cause for the accident. The trial court determined that without the decedent's testimony, it was not possible to know whether inadequate lighting caused the decedent to hit the underpass pier. The trial court also was unwilling to consider the possibility that plaintiff's reconstruction expert could opine that poor lighting caused the accident.

We agree with the trial court's finding that the plaintiff cannot offer any competent evidence to establish defendant's alleged negligence was the proximate cause of the decedent's accident. To estab-

lish proximate cause, a plaintiff must demonstrate with reasonable certainty that a defendant's alleged negligence caused the injury for which plaintiff seeks recovery. (*McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill. App. 2d 39, 46, 243 N.E.2d 657, 661.) Liability cannot be premised, however, upon speculation or conjecture. (*D'Olier v. General Motors Corp.* (1986), 145 Ill. App. 3d 543, 548, 495 N.E.2d 1040, 1044.) Without the decedent's testimony, speculation is all the plaintiff can offer to show that poor lighting caused the decedent's collision with the underpass pier.

We find the trial court properly relied upon the analysis and reasoning stated in *Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 489 N.E.2d 409. The plaintiff in *Monaghan* was injured when he was thrown from his motorcycle. The plaintiff had no recollection of the circumstances of the accident, but he speculated that his motorcycle struck a median strip under construction. The plaintiff alleged the City of Park Ridge was negligent in failing to illuminate, barricade or warn of the median strip. (*Monaghan*, 140 Ill. App. 3d at 922-23, 489 N.E.2d at 409-10.) The court in *Monaghan* affirmed a grant of summary judgment for the defendant. The trial court found that even assuming the plaintiff struck the median strip, one would have to infer (1) he didn't see the median strip, and (2) that he didn't see it because of one or more of the city's alleged breaches of duty (including the median strip's lack of illumination). The *Monaghan* court determined the mere possibility that the plaintiff struck the median strip by reason of any alleged breach of duty by the city was insufficient to show proximate cause.

> "[A]n inference of negligence cannot be established *on inferences which are merely speculative in nature* [citation]. *** [T]he inferences that plaintiff did not see the strip and that his failure to see it was due to alleged breaches by Park Ridge are merely speculative in nature. Moreover, assuming that plaintiff struck the median strip, the mere possibility that he did so by reason of any alleged breach of duty by Park Ridge is not sufficient to show proximate cause [citations]." (Emphasis added.) *Monaghan*, 140 Ill. App. 3d at 924-25, 489 N.E.2d at 411.

The trial court's judgment in the instant appeal is also supported by the reasoning in *Salinas v. Werton* (1987), 161 Ill. App. 3d 510, 515 N.E.2d 142. In *Salinas*, the plaintiff's decedent was hit by a van while assisting a tow truck operator. The van struck the decedent while he was standing on the shoulder of the road. The plaintiff alleged the tow truck operator was negligent in failing to place flares near the tow truck. The driver of the van was not available to testify

in the action. (*Salinas*, 161 Ill. App. 3d at 512-13, 515 N.E.2d at 143-44.) The court in *Salinas* affirmed the trial court's grant of summary judgment on the grounds that it was pure speculation and conjecture as to what caused the van to leave the road and hit the decedent. The *Salinas* court reasoned as follows:

"Any inference that the van left the road because it could not slow down due to inadequate warning is based on pure speculation. It is possible that the driver of the van saw the flashing lights on the tow truck and slowed down, but nonetheless lost control of his van. It is also possible that the van left the road for reasons wholly unrelated to the presence of the tow truck. The circumstances must justify an inference of probability as distinguished *from mere possibility*. [Citation.] To submit this question to a jury would require them to make a determination of liability based upon impermissible inferences." (Emphasis added.) *Salinas*, 161 Ill. App. 3d at 515, 515 N.E.2d at 145.

We note the reasoning in *Waite v. Chicago Transit Authority* (1987), 157 Ill. App. 3d 616, 510 N.E.2d 1176, is similarly instructive. In *Waite* the plaintiff was struck by a bus when he stepped into a reverse flow lane while crossing the street. The plaintiff argued that scaffolding could have obscured his vision of the oncoming bus. The court in *Waite* noted the plaintiff did not present any evidence that he looked in the direction allegedly obscured by the scaffolding. *Waite* affirmed the trial court's entry of summary judgment in favor of the defendant and reasoned as follows:

"The *mere possibility* that a four-inch canopy support post might have obstructed plaintiff's vision if he had looked to his left *is insufficient* to establish a causal relationship between defendants' alleged negligence and plaintiff's injuries." (Emphasis added.) *Waite*, 157 Ill. App. 3d at 620, 510 N.E.2d at 1179.

■ Based upon our analysis and the reasoning of the preceding authorities, we conclude the plaintiff would be unable to present any evidence, other than mere speculation, as to why the decedent hit the underpass pier. Therefore, we affirm the trial court's finding in favor of defendant.

Plaintiff also argues that the trial court improperly rejected the proposed testimony of her reconstruction expert. The plaintiff responded to defendant's motion for summary judgment by arguing that her reconstruction expert would rely upon the physical evidence detailed in the coroner's report in order to testify concerning the proxi-

mate cause of the accident. We find the trial court properly refused to consider the plaintiff's offer to produce a reconstruction expert.

●2 First, the proposed expert's testimony was *not* properly presented to the trial court in the form of a deposition or affidavit. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Second, none of the evidence the plaintiff's reconstructionist would rely upon suggests the decedent could not see where she was going or that inadequate lighting proximately caused the accident. Plaintiff contends her reconstruction expert would have relied upon the following evidence: (1) 103 feet of skid marks prior to impact; (2) the car pinned against the east side of the trestle; (3) damage to the passenger side of the vehicle; and (4) damage to the center pillar of the underpass (suggesting decedent's vehicle struck it). The expert's reliance upon these facts for the purpose of showing the defendant's alleged negligence would be mere speculation. Therefore, the trial court properly granted summary judgment in favor of the defendant because mere speculative inferences are insufficient to establish proximate cause.

■ Plaintiff also now argues for the first time that defendant's alleged violation of a safety statute is evidence of defendant's negligence. Plaintiff argues that rail carriers have a duty to maintain their property in a safe manner pursuant to the Illinois Commercial Transportation Law (Ill. Rev. Stat. 1987, ch. 95½, par. 18c—7401). Although a violation of a safety statute is *prima facie* evidence of negligence, the plaintiff failed to allege any statutory violation in her complaint. Therefore, we decline to address this issue because a court of review, in the exercise of its appellate jurisdiction, cannot determine an issue not presented in the pleadings. *Szczurek v. City of Park Ridge* (1981), 97 Ill. App. 3d 649, 659, 422 N.E.2d 907, 914.

For the reasons indicated, we affirm the judgment of the circuit court of Kankakee County.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.