JOSEPH YATES, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

)

)

NANCY C. SHACKELFORD; BECKER ) No. 97 L 798

TRANSPORTATION, INC.; JOHN W. )

JUNKINS; GREEN OAK FARMS, )

INC.; and JOHN TRANSPORT, INC., ) Honorable

) Mary A. Mulhern,

Defendants-Appellees. ) Judge Presiding.

JUSTICE REID delivered the opinion of the court:

The plaintiff, Joseph Yates, brought suit against the defendants, Nancy Shackelford, Becker Transportation, Inc. (Becker), John Junkins, Green Oak Farms, Inc. (Green Oak), and Brown Transport, Inc. (Brown Transport), seeking damages for injuries he received during an automobile accident.  The trial court granted summary judgment in favor of the defendants.  Yates subsequently moved the court to reconsider and the motion was denied.  

On appeal, Yates contends the trial court committed error when it denied his motion to reconsider because genuine issues of material fact exist as to whether: (1) Shackelford's act of parking her semi-tractor trailer truck on the left shoulder of the highway, in violation of section 11-1303(a)(1)(k) of the Illinois Vehicle Code (625 ILCS 5/11-1303(a)(1)(k)(West 1996)), proximately caused the accident in which Yates collided into the rear of her trailer as she was attempting to merge back into traffic, and (2) Junkins applied his brakes in a timely fashion and took proper evasive maneuvers to avoid colliding into Yates' vehicle.  For the reasons that follow, we affirm the trial court's decision.

BACKGROUND

During a discovery deposition, Shackelford testified that on November 20, 1996, she was driving a semi-tractor trailer truck (semi), which was owned by Becker, westbound on Interstate 80 (I-80), when she was informed by radio that the rear taillights of her trailer were not functioning.  In response, Shackelford pulled over onto the left shoulder of the highway to check the electrical connection to the trailer.  After reconnecting the lights, Shackelford reentered her vehicle and began driving on the shoulder in an attempt to gain speed before merging into the left lane.  

Shackelford said that she checked her passenger side mirror for oncoming vehicles in the left lane.  After seeing that the lane was clear, she activated her turn signal and began to merge into the left lane from the shoulder.  The speed limit on I-80 is 55 miles per hour.  As she was merging from the shoulder to the left lane, Shackelford estimated that she was traveling 50 miles per hour.

Shackelford testified that as she was merging, she saw Yates switch lanes from the center lane to the left lane.  Prior to Yates switching lanes, Shackelford's view of Yates' car was obstructed because Yates was driving behind a semi in the middle lane.  She estimated that Yates was 500 feet behind her but could not approximate how fast he was driving.  Shackelford said that Yates never slowed down prior to hitting the back of her trailer.  Shackelford said that her trailer was fully in the left lane before the accident occurred.  The front end of Yates' vehicle collided into the middle of the rear of her trailer.  At the time of impact, Shackelford estimated that she was traveling 55 miles per hour. 

During a deposition, Junkins testified that prior to the accident, he was under dispatch with Brown Transport and was driving a semi owned by Green Oak westbound on I-80 in the center lane.  Earlier, Junkins was informed by radio that a semi was parked ahead on the left shoulder of the highway.  Junkins said that he made visual contact with Shackelford's semi when he was approximately a half mile away.  Junkins could clearly see the semi and its lights.  Junkins thought that the semi was moving on the shoulder.

When Junkins was approximately a quarter mile from Shackelford's semi, he could see that it was moving along the shoulder with its right turn signal activated.  Junkins looked into his driver's side mirror and saw that the left lane was clear of traffic.

When Junkins was approximately 500 feet from Shackelford's semi, he saw Yates' car pass him in the left lane.  Junkins said that he was driving 55 miles per hour and estimated that Yates was traveling 85 miles per hour.  Junkins testified that there was a car in front of him in the middle lane as well.  He estimated the car to be a truck length ahead.

Junkins said that he let his foot off the gas pedal when Yates passed him because of the situation developing ahead. Junkins testified that he could see that Yates would not have a lot of room to maneuver in the left lane because Shackelford's semi was coming off the shoulder, and there was also the car in front of Junkins in the middle lane as well.  Junkins wanted to create some space in case Yates needed to switch from the left lane to the middle lane. 

Junkins estimated that he started to apply his brakes when he was approximately 500 to 250 feet from Shackelford's semi.  When Junkins was approximately 250 feet from Shackelford's semi, he estimated that 50% to 75% of the left lane was occupied by the truck.  He estimated that she was traveling between 30 to 40 miles per hour.

At this point, Junkins thought that Yates was attempting to pass in front of the car that was ahead in the middle lane.  Although Yates did not have a turn signal on, Junkins was under this belief because of the speed that Yates was traveling.  Junkins then saw Yates' vehicle drift toward the right side of the left lane as it neared Shackelford's truck.  Just as Yates' car was overcoming the car in front of Junkins, Yates slammed on the brakes and hit Shackelford's right rear trailer tires. Junkins said that the car in front of him never braked.  Junkins thought that the driver of the car never knew of Yates' presence.

At this point, Junkins was braking hard and skidding.  After Yates hit the back of Shackelford's trailer, Yates' vehicle quarter turned counterclockwise into the middle lane.  Junkins then hit Yates' car in the driver's side.  At the time of impact, Junkins estimated that he was traveling between 40 to 45 miles per hour.

Junkins estimated that a small portion of the trailer was still on the shoulder when the accident occurred.  Junkins estimated that Yates was traveling "well above the speed limit" because he did not brake prior to hitting the rear of Shackelford's trailer.  Junkins said that Shackelford's semi completely entered the left lane just after the accident.  Junkins said that Shackelford was traveling "in the neighborhood of 40 miles an hour" when the accident occurred.  Junkins testified that the weather was clear and that the pavement was dry.

Yates has no recollection of the accident and consequently was unable to testify about the sequence of events that led up to the accident.

On January 22, 1997, Yates filed his initial complaint where he sought damages against Shackelford and her employer, Becker.  On January 15, 1998, Yates filed his second amended complaint seeking damages against Shackelford, Becker, Junkins, Green Oak and Brown Transport. 

On March 13, 2000, Junkins, Brown Transport and Green Oaks filed a motion for summary judgment.  On March 20, 2000, Shackelford and Becker filed their motion for summary judgment.  Summary judgment was entered in favor of the defendants on July 20, 2000.  Yates' motions to reconsider were denied on October 24, 2000, and November 6, 2000.  Yates filed his notice of appeal on December 5, 2000, and his amended notice of appeal on December 6, 2000.

ANALYSIS

I

The appellees initially argue that the trial court improperly refused to consider evidence of Yates' intoxication when it ruled on their motions for summary judgment.  

As part of their motions for summary judgment, the appellees submitted evidence of Yates' intoxication.  The appellees submitted the affidavit of their expert, Daniel Brown.  After examining Yates' hospital records, Brown opined that Yates was legally intoxicated at the time of the accident.  However, the trial court struck Brown's affidavit and refused to consider the intoxication evidence.  

In response, Yates argues that the appellees have waived this issue because they failed to appeal the trial court's order which struck Brown's affidavit.  We agree. 

"It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal."  
Haudrich v. Howmedica, Inc.
, 169 Ill. 2d 525, 536 (1996).  The appellees failed to appeal the order that struck Brown's affidavit and, as such, have waived review of this issue.  However, the disposition of this matter will not be affected by our decision here.

II

Yates contends the trial court erred when it denied his motion to reconsider its orders that granted summary judgment to the appellees.  Yates maintains a genuine issue of material fact exists as to whether Shackelford's act of parking on the left shoulder of the highway was a proximate cause of the accident.  Yates argues that Shackelford violated section 11-1303(a)(1) (k) when she parked on the left shoulder of the highway.  Section 11-1303(a)(1)(k) states that, except when necessary to avoid conflict with other traffic, or to comply with the law or the directions of a police officer or official traffic-control device, no person shall stop, stand or park a vehicle in the area between roadways of a divided highway, including crossovers.  625 ILCS 5/11-1303(a)(1)(k)(West 1996).

It is Yates' assertion that no exceptions to section 11-1303(a)(1) (k) were present when Shackelford pulled over onto the left shoulder.  It is Yates' contention that Shackelford's malfunctioning taillight did not justify her pulling over onto the left shoulder in violation of section 11-1303(a)(1)(k).  If Shackelford had not violated section 11-1303(a)(1)(k), Yates claims, she would not have merged into traffic traveling at a rate of speed that was slower than the posted speed limit.  Yates argues this subsequently caused him to hit the rear of Shackelford's trailer.  Yates asserts section 11-1303(a)(1)(k) was specifically created to prevent this type of accident from occurring. 

"Summary judgment is proper only when the pleadings, together with any depositions, admissions, or affidavits on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  
Coughlin v. Gustafson
, 332 Ill. App. 3d 406, 411 (2002), citing 735 ILCS 5/2-1005(c) (West 1998); 
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90 (1992).  Summary judgment is encouraged in the interest of the prompt disposition of lawsuits, but it is a drastic measure which should be granted only when the pleadings, depositions, affidavits, and admissions on file, when reviewed in the light most favorable to the nonmovant, show that there is no genuine issue as to any material fact and that the moving party's right to judgment is clear and free from doubt.  
Pyne v. Witmer
, 129 Ill. 2d 351, 358 (1989).  "The standard of review on appeal from a grant of summary judgment is 
de
 
novo
."  
Coughlin
, 332 Ill. App. 3d at 411, citing 
Outboard Marine Corp.
, 154 Ill. 2d at 102.

To sustain a cause of action for negligence, the plaintiff must establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury to plaintiff proximately caused by the breach.  
Hills v. Bridgeview Little League Ass'n
, 195 Ill. 2d 210, 228 (2000).  

Whether a duty exists depends upon whether the parties stood in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff.  
Ziemba v. Mierzwa
, 142 Ill. 2d 42, 47 (1991).  Generally, "[i]n considering whether a duty exists in a particular case, a court must weigh the foreseeability that defendant's conduct will result in injury to another and the likelihood of an injury occurring, against the burden to defendant of imposing a duty, and the consequences of imposing this burden."  
Ziemba
, 142 Ill. 2d at 47.

To recover damages based upon a defendant's alleged statutory violation, a plaintiff must show that: (1) he belongs to the class of persons that the statute was designed to protect; (2) his injury is of the type that the statute was designed to 

prevent; and (3) the violation proximately caused his injury.  
First Springfield Bank & Trust v. Galman
, 188 Ill. 2d 252, 256 (1999), citing 
Kalata v. Anheuser-Busch Cos.
, 144 Ill. 2d 425, 434-35 (1991).

Here, Yates clearly belongs to the class of people that section 11-1303(a)(1)(k) was designed to protect, and his injury was of the type that the statute was designed to prevent.  When a motorist parks on the left shoulder of the highway and attempts to merge back into traffic, a situation can be created that is hazardous to other drivers.  One reason this occurs is due to the motorist's limited view of oncoming traffic.  

When a motorist merges into traffic from the right shoulder, he can view oncoming traffic by utilizing his sideview and rearview mirrors.  In addition, the motorist also can look over his shoulder to view oncoming traffic.  This is impossible when a motorist is attempting to merge from the left shoulder, especially if the motorist is driving a semi, as was Shackelford.  It should also be noted that when a motorist merges into traffic from the left shoulder, he or she is attempting to merge into the lane of traffic that is generally regarded as the fastest moving.

As such, we must determine if Shackelford's violation of section 11-1303(a)(1)(k) proximately caused Yates' injuries. 

"The term 'proximate cause' describes two distinct requirements: cause in fact and legal cause.  
Lee [v. Chicago Transit Authority]
, 152 Ill. 2d [432,] 455 [(1992)].  Cause in fact exists where there is a reasonable certainty that a defendant's acts caused the injury or damage.  
Lee
, 152 Ill. 2d at 455.  A defendant's conduct is a cause in fact of the plaintiff's injury only if that conduct is a material element and a substantial factor in bringing about the injury.  
Lee
, 152 Ill. 2d at 455.  A defendant's conduct is a material element and a substantial factor in bringing about an injury if, absent that conduct, the injury would not have occurred.  
Lee
, 152 Ill. 2d at 455.  'Legal cause,' by contrast, is essentially a question of foreseeability.  
Lee
, 152 Ill. 2d at 456.  The relevant inquiry here is whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct.  
Lee
, 152 Ill. 2d at 456."  
First Springfield
, 188 Ill. 2d at 257-58.

Yates relies on 
Filipetto v. Village of Wilmette
, 135 Ill. App. 3d 781 (1985), to support his contention that Shackelford's actions proximately caused his injuries.  In 
Filipetto
 the defendant violated a village ordinance by temporarily storing an air compressor on the street.  A young boy who was riding his bicycle subsequently hit the compressor and was injured.  The 
Filipetto
 court found that the village ordinance contemplated possible injury when articles were left on the public way and that the young boy hitting the air compressor was a foreseeable consequence of the defendant violating the ordinance.  The court determined that the defendant's conduct as a matter of law was not too remote to impose liability and reversed the trial court's grant of summary judgment.  
Filipetto
, 135 Ill. App. 3d at 786.

This case can be distinguished from 
Filipetto
.  In 
Filipetto
, the accident was not caused by the unreasonable actions of the boy who was riding his bike.  Our set of facts is more similar to the facts in 
First Springfield
.

In 
First Springfield
, a tanker truck illegally parked at mid-block.  A young girl then illegally crossed the street at mid-block in front the of tanker and was subsequently hit by an oncoming vehicle.  The driver of the vehicle said that she could not swerve and avoid the accident by switching to the open lane because of the illegally parked tanker truck.  The 
First Springfield
 court rejected the plaintiff's assertion that the illegally parked tanker truck was the proximate cause of the accident that led to the girl's death.  The court found that although the tanker was the cause in fact of the accident, it was  not the legal cause of the accident.  
First Springfield
, 188 Ill. 2d at 259-60.  Instead, the court held that the girl's actions of ignoring a marked crosswalk, crossing the street at mid-block, and attempting to cross a designated truck route blindly and in violation of the law were the legal cause of the accident.  
First Springfield
, 188 Ill. 2d at 261.

Here, we must first determine whether Shackelford's act of pulling over on the left shoulder in violation of 11-1303(a)(1) (k) was a cause in fact of Yates' injuries.  In deciding whether a defendant's conduct was a material and substantial element in bringing about an injury, we ask whether, absent the defendant's conduct, that injury still would have occurred.  
First Springfield
, 188 Ill. 2d at 260, citing 
Lee
, 152 Ill. 2d at 455. 

Had Shackelford not parked on the left shoulder, Yates' injuries more than likely would not have occurred.  It is clear from the record that Yates was speeding.  However, it is also apparent that Shackelford was doing just the opposite.  When viewed in the light most favorable to Yates, the record shows that Shackelford was traveling below the posted speed limit of 55 miles per hour.  Junkins estimated that Shackelford was traveling at 40 to 45 miles an hour at the time of impact.  If Shackelford had not pulled over onto the left shoulder of the highway, she would not have found herself attempting to merge into what is typically considered the fast lane at a rate of speed 10 to 15 miles below the posted speed limit. 

Now, we must determine whether Shackelford's violation of section 11-1303(a)(1)(k) was in fact the legal cause of Yates' injuries.  The relevant inquiry here is whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct.  
First Springfield
, 188 Ill. 2d at 260, citing 
Lee
, 152 Ill. 2d at 456.  We find that Shackelford's actions were not the legal cause of Yates' injuries.

No one in Shackelford's position could have reasonably  anticipated that the act of pulling over on the left shoulder would have resulted in the succeeding accident.  Before attempting to merge back into the left lane, Shackelford gained speed while traveling on the shoulder.  She checked her passenger side mirror and saw that the left lane was clear of traffic.  She activated her turn signal and then began to merge.  At that moment, Yates, who was speeding, shifted into the left lane.  When Yates switched lanes and passed Junkins, Shackelford's truck and its lights were plainly visible, as was evidenced by  Junkins, who testified that Shackelford's truck was plainly visible from 500 feet.  

Unexplainably, while the situation with Shackelford was developing in front of him, Yates was still attempting to pass the car ahead in the middle lane.  Why did Yates not simply merge into the empty space between Junkins and the car ahead?  As Yates neared Shackelford's trailer, he finally realized that there was not enough space to pass the car in the middle lane and move to his right.  However, by this point, Yates could not avoid the impending collision because of his excessive speed.  Here, Yates' unreasonable actions were the sole proximate cause of his injuries and not any actions that were taken by Shackelford.

III

Lastly, Yates argues that sufficient evidence was presented to the trial court to give rise to a genuine issue of material fact that Junkins breached his duty of care by failing to brake or take proper evasive action.

Illinois courts have long held that a sudden swerve into a defendant's right of way by an approaching vehicle does not give rise to negligence by the defendant.  Courts will not view a party's acts with the clarity of hindsight, but by a standard of what a prudent person would have done under the same circumstances.  
Wilmere v. Stibolt
, 152 Ill. App. 3d 642, 647 (1987).  The driver of a vehicle who is faced in a sudden emergency with imminent peril is not required to possess the same coolness and judgment as when there is no imminent peril.  
Turner v. Roesner
, 193 Ill. App. 3d 482, 488 (1990), citing 
McCullough v. McTavish
, 62 Ill. App. 3d 1041, 1047 (1978).

To support his position, Yates relies on 
Turner
, where the decedent's car crossed the center line and collided with the defendant's vehicle.  Although the defendant was driving 10 to 15 miles below the posted speed limit when the accident occurred, the court held that even this speed may have been excessive considering the weather conditions at the time of the accident.  
Turner
, 193 Ill. App. 3d at 489.

There was evidence that on the morning of the accident, there was fog and ice on the road.  Also, the defendant stated, in his deposition that, prior to the accident, he did not remember braking and that he did not attempt to take evasive maneuvers.  The court took this statement to mean that the defendant may have been driving too fast to react to the plaintiff's vehicle and subsequently avoid the accident.  
Turner
, 193 Ill. App. 3d at 489.

Turner
 can be distinguished.  In this case, there is  absolutely no evidence which suggests that weather conditions played a part in the accident.  After reviewing the record, we find that Junkins' conduct played no part in causing Yates' injuries either.  Prior to the accident Junkins was traveling at the posted speed.  When Yates passed him, Junkins took his foot off the accelerator because he anticipated that something might happen as a result of Yates' speeding.  In fact, Junkins had already begun braking when Yates slammed on his brakes and hit the back of Shackelford's truck.  When Junkins hit Yates, he did so only because Yates' car unexpectedly turned into his lane after hitting Shackelford's truck. 

 This case is more similar to 
Wilmere
.  There the decedent's vehicle crossed the double yellow line and struck the three defendants, who were traveling in the opposite direction.  The 
Wilmere
 court concluded that the defendants, who were all in their own lanes and traveling at the posted speed limit, were not negligent.  
Wilmere
, 152 Ill. App. 3d at 647.

This accident was caused by Yates' unforeseeably reckless conduct.  Junkins acted as a reasonably careful driver under the circumstances and Yates failed to establish a material question of fact as to Junkins' alleged negligence.

CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

Campbell, P.J. and Quinn, J., concur.