FIRST DIVISION

August 25, 2003

No. 1-02-2481

GREGORIO BERMUDEZ, a/k/a Sergio Tavizon, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

) 

v. ) 

) No.  99 L 4344

MARTINEZ TRUCKING, D. MARTINEZ TRUCKING ) 

CORPORATION, and PEDRO RODRIGUEZ, ) The Honorable

) Sharon Johnson Coleman,

Defendants-Appellees. ) Judge Presiding.

PRESIDING JUSTICE GORDON delivered the opinion of the court:

Plaintiff-appellant Gregorio Bermudez, a/k/a Sergio Tavizon (plaintiff), appeals from a directed verdict entered by the trial court for defendants-appellees Martinez Trucking, D. Martinez Trucking Corporation and Pedro Rodriguez (defendants or as named).  Plaintiff had been driving as a trainee with Rodriguez in a tractor-trailer truck owned by Martinez Trucking and D. Martinez Trucking Corporation when, while Rodriguez was asleep in the truck's cab, plaintiff lost control and hit a highway barrier wall, sustaining injuries.  Upon defendants' motion, the trial court directed a verdict in their favor, concluding that plaintiff presented no evidence that defendants' conduct was a proximate cause of the accident that resulted in his injuries.  On appeal, plaintiff contends that the trial court erred in entering the directed verdict because there was evidence from which the jury could have concluded that the accident would have been avoided had Rodriguez remained awake.  For the following reasons, we affirm.

BACKGROUND

Plaintiff testified that in May 1998, he met David Martinez (Martinez),
(footnote: 1) the president of Martinez Trucking, a corporation based in Franklin Park, Illinois, that hauls materials in tractor-trailer trucks.  Plaintiff, who had a commercial driver's license permit (CDLP), asked Martinez if he could train at his corporation in order to learn to drive a tractor-trailer truck and gain experience to obtain a commercial driver's license (CDL).  Plaintiff testified that Martinez told him he could train with his employee Rodriguez, and that if plaintiff passed his CDL test, he would hire plaintiff to work at Martinez Trucking.  Plaintiff stated that for the next month, he rode in a tractor-trailer truck with Rodriguez on Rodriguez's route hauling waste to and from the Illinois-Iowa border three to six times per week.  Rodriguez would drive through the city areas and then would pull over and allow plaintiff to drive on the highway portion of the route, which always encompassed the same stretch of Interstate 88 (I-88).  Plaintiff testified that while he would drive, Rodriguez would sometimes go into the cab of the truck immediately behind the front seats and sleep.  Plaintiff stated he had no problem with Rodriguez going to sleep while he was driving.

Plaintiff testified that on June 27, 1998, he met Rodriguez as he usually did at Martinez Trucking around 2 or 3 a.m. to begin the day's route.  Rodriguez drove the truck through the city areas and, once they reached I-88, moved to the passenger seat and allowed plaintiff to drive the truck.  After a while, Rodriguez climbed into the cab directly behind plaintiff and went to sleep.  Plaintiff testified that he was comfortable driving that day and did not feel the need to pull the truck to the side of the road and wait for Rodriguez to wake up.  Plaintiff stated that at the time, he was not scared to drive the truck by himself and he was not sleepy.  Plaintiff testified that he continued driving for approximately 2 ½  hours at the posted speed limit, between 50 and 55 miles per hour.  Plaintiff further testified that, all of a sudden, he lost control of the truck and hit a highway barrier wall.  He stated that he has no memory of the accident: he cannot remember the road, traffic or weather conditions, which lane he was in, or anything that happened immediately before he hit the wall.  Plaintiff testified that his only memory is waking up in the hospital.  He sustained multiple injuries, including the amputation of his leg.

Defendant Rodriguez testified that he was hired by Martinez Trucking after he received his CDL, about four months before the accident in question.  Rodriguez stated that Martinez asked him to train the plaintiff to drive the truck, but gave him no further instructions on how to do this.  Rodriguez testified that he taught plaintiff how to start, stop and turn the truck, and gave him information about the truck's gauges, tires and brakes.  He allowed plaintiff to drive the truck on I-88 when plaintiff accompanied him on his daily route, which was three to six times per week.  Rodriguez stated that as of June 1998, plaintiff was not yet ready to drive alone in the city areas, but was capable of driving alone on I-88.  Rodriguez averred that on the morning of the accident, he drove through the city areas of the route and, upon reaching I-88, moved to the passenger seat and allowed plaintiff to drive the truck.  After a while, Rodriguez moved to the back of the cab behind plaintiff and went to sleep, as he had done several times before.  Rodriguez stated that he woke up about two hours later when the truck hit the highway barrier wall.  At that point, Rodriguez knew the truck was out of control and tried to grab the steering wheel, but could not.  Rodriguez testified that he did not know how the accident happened and that plaintiff never expressed any concern about his ability to drive the truck on I-88 nor demonstrated any problem when he did so.  Rodriguez further testified that he had no concerns about his own safety when plaintiff drove the truck on I-88.

Plaintiff presented the expert testimony of George Beaulieu, the president of a tractor-trailer driving school.  Beaulieu opined that Rodriguez was negligent when he went to sleep instead of supervising and training plaintiff while he was driving the truck on I-88.  He stated that tractor-trailer trainees get physically and mentally exhausted when driving the trucks and oftentimes make mistakes.  While they are usually too focused on driving to fall asleep, trainees can lose comfort in their driving ability.  Beaulieu stated that from his review of the accident report, it was his opinion that plaintiff had been driving in the left lane of the highway at the time of the accident and that this indicated that he lacked comfort while driving the truck.  However, when asked what he believed was the cause of the accident, Beaulieu testified that there was no way to reconstruct the accident because there was "a lot of information missing" and "there is no evidence to tell" how the accident happened.  

Defendants moved for a directed verdict on two grounds: that plaintiff failed to show that defendants breached a duty owed to him, and that plaintiff failed to show that defendants' actions were a proximate cause of the accident that caused his injuries.  The trial court denied defendants' motion based on the first ground of breach, but granted the motion based on the second ground of lack of proximate causation.  The court stated that the only evidence presented with respect to the cause of the accident was that plaintiff lost control of the truck and hit something; other than this, there was no evidence to indicate how the accident happened.

ANALYSIS

Plaintiff's sole contention on appeal is that the trial court's entry of a directed verdict in favor of defendants here was improper because sufficient circumstantial evidence had been presented from which a jury could conclude that the accident might have been avoided had Rodriguez remained awake and next to plaintiff in the truck so as to monitor and warn him that his driving might lead to a loss of control and result in an accident.  For their part, defendants contend that the directed verdict was properly entered because plaintiff failed to present any evidence to establish the negligence element of proximate cause, 
i.e.
, that there was a causal connection between the defendants' alleged negligence and plaintiff's injuries.  Based on the record before us, we agree with defendants.

We review the entry of a directed verdict on a 
de novo
 basis.  See 
Sullivan v. Edward Hospital
, 335 Ill. App. 3d 265, 272, 781 N.E.2d 649, 655 (2002); accord 
Susnis v. Radfar
, 317 Ill. App. 3d 817, 825, 739 N.E.2d 960. 966 (2000).  We will uphold a directed verdict where "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand."  
Pedrick v. Peoria & Eastern R.R. Co.
, 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14 (1967); see also 
Thompson v. County of Cook
, 154 Ill. 2d 374, 382, 609 N.E.2d 290, 293 (1993), and 
Sullivan
, 335 Ill. App. 3d at 272, 781 N.E.2d at 655 (both citing and adopting the 
Pedrick
 standard for reviewing directed verdicts).  

To properly state a cause of action for negligence, a plaintiff must show that the defendant owed a duty to him, that the defendant breached that duty, and that this breach was the proximate cause of the plaintiff's resulting injuries.  See 
Barham v. Knickrehm
, 277 Ill. App. 3d 1034, 1037, 661 N.E.2d 1166, 1169 (1996); 
Salinas v. Werton
, 161 Ill. App. 3d 510, 514, 515 N.E.2d 142, 144 (1987).  Proximate cause is an essential element of a negligence claim.  See 
Pedersen v. Joliet Park District
, 136 Ill. App. 3d 172, 175, 483 N.E.2d 21, 23 (1985).  The 
burden rests with the plaintiff to "affirmatively and positively show" that the defendant's alleged negligence caused the injuries for which the plaintiff seeks recovery.  
McInturff v. Chicago Title & Trust Co.
, 102 Ill. App. 2d 39, 48, 243 N.E.2d 657, 662 (1968) (the plaintiff must show "a relationship between the act or omission and the injury or damage suffered that the act or omission may be said to be the proximate cause of such injury or damage")
; see 
Geelan v. City of Kankakee
, 239 Ill. App. 3d 528, 530, 605 N.E.2d 1015, 1016 (1992); 
Kimbrough v. Jewel Cos.
, 92 Ill. App. 3d 813, 817, 416 N.E.2d 328, 331 (1981).  While proximate cause is generally a question of fact, it becomes a question of law when the facts alleged indicate that a party would never be entitled to recover.  See 
Barham
, 277 Ill. App. 3d at 1039, 661 N.E.2d at 1170; 
Salinas
, 161 Ill. App. 3d at 514-15, 515 N.E.2d at 144.  Accordingly, if the plaintiff fails to establish the element of proximate cause, he has not sustained his burden of making a 
prima facie
 case and a directed verdict is proper.  See 
Salinas
, 161 Ill. App. 3d at 515, 515 N.E.2d at 144; 
Kimbrough
, 92 Ill. App. 3d at 817, 416 N.E.2d at 331; accord 
Friedman v. Safe Security Services, Inc.
, 328 Ill. App. 3d 37, 47, 765 N.E.2d 104, 113 (2002) (directed verdict was proper where the plaintiff failed to prove proximate cause in negligence action).

As plaintiff in the instant case notes, the proximate cause element of a negligence action may be established through the presentation of circumstantial, rather than direct, evidence that supports more than one logical conclusion.  See 
Nowak v. Coghill
, 296 Ill. App. 3d 886, 896, 695 N.E.2d 532, 539 (1998) (defining circumstantial evidence as proof of facts from which other connected facts may be inferred, "according to the common experience of mankind")
.  However, the conclusion or inference that arises from this circumstantial evidence must be one that can reasonably be drawn.  See 
Nowak
, 296 Ill. App. 3d at 896, 695 N.E.2d at 539-40; 
Geelan
, 239 Ill. App. 3d at 530, 605 N.E.2d at 1016.  This is because liability on a negligence basis cannot be predicated upon mere surmise, guess or conjecture as to the cause of the injury.  See 
Geelan
, 239 Ill. App. 3d at 530, 605 N.E.2d 1016; accord 
Monaghan v. DiPaulo Construction Co.
, 140 Ill. App. 3d 921, 924-25, 489 N.E.2d 409, 411 (1986) ("an inference of negligence cannot be established on inferences which are merely speculative in nature").  Rather, "[p]roximate cause can only be established when there is a reasonable certainty that the defendant's acts caused the injury."  
Salinas
, 161 Ill. App. 3d at 514, 515 N.E. 2d at 144;  accord 
Kimbrough
, 92 Ill. App. 3d at 817, 416 N.E.2d at 331; see also 
Nowak
, 296 Ill. App. 3d at 896, 695 N.E.2d at 539 ("circumstantial evidence is sufficient to establish proximate cause *** as long as the inference in question may reasonably be drawn from the evidence" and "the mere possibility of a causal connection is insufficient to raise the requisite inference of fact").

In the instant case, the inference plaintiff seeks to establish through circumstantial evidence is that Rodriguez's failure to stay awake and next to him while he was driving the truck was the proximate cause of his loss of control and his collision with the highway barrier wall.  However, after carefully reviewing the record in the light most favorable to plaintiff, we cannot find that this inference is reasonable based on the evidence presented.  

The record here is devoid of any evidence as to why or how plaintiff lost control of the truck and collided with the barrier wall, and we find nothing therein from which it could be reasonably inferred that any alleged breach of duty by defendants was a proximate cause of plaintiff's injuries.  There was no testimony or evidence as to how the accident happened.  Plaintiff repeatedly testified that he had no memory of the accident; he only remembered driving the truck on I-88 and then waking up in the hospital.  Plaintiff admitted that he did not know if he hit something in the road, if the weather or road conditions caused him to crash, or if his driving was the reason he lost control of the truck.  The only other possible eyewitness, Rodriguez, testified that he was asleep at the time of the accident and woke up only after plaintiff had already lost control of the truck and had hit the barrier wall.  Rodriguez stated that he had no idea how the accident happened.  Plaintiff's expert witness, Beaulieu, was likewise unable to provide testimony as to the cause of the accident.  While Beaulieu was able to opine that Rodriguez was negligent in going to sleep and leaving plaintiff alone as he drove, Beaulieu stated that he could not determine that this caused the accident.  Beaulieu indicated that he examined an accident report, but admitted that this report could not cite a cause for the accident.

Any inference that plaintiff lost control because Rodriguez was asleep and not sitting beside him is based on pure speculation and conjecture.  It can reasonably be inferred from the evidence presented that plaintiff lost control for reasons wholly unrelated to Rodriguez's decision to sleep while plaintiff was driving.  For example, plaintiff testified that he drove the same truck hauling the same load along the same stretch of I-88 three to six times per week for four weeks before the accident.  Plaintiff stated that Rodriguez would oftentimes go to sleep in the truck's cab while plaintiff drove and that this did not bother him.  Plaintiff averred that on the morning of the accident, he felt comfortable driving the truck on I-88 and did not feel the need for Rodriguez to sit with him during the ride.  Plaintiff specifically testified theat he was not scared to drive alone on that stretch of I-88.  He stated that he drove over two hours without any problems before losing control.  Plaintiff further testified that he was not sleepy that morning and he could not say that his "inexperience" caused him to lose control.  In addition, Rodriguez testified that while plaintiff could not drive alone in the city, he had no concerns, and plaintiff never expressed any, about plaintiff's ability to drive alone on I-88.  Rodriguez observed plaintiff do this several times and never noted any problems.  Furthermore, Beaulieu specifically testified that "there is no evidence to tell" how the accident happened.  He commented that single-truck accidents such as this one can have many different causes besides a lack of trainee supervision, including, for example, a defect in the truck.  It is reasonable to conclude from this testimony, then, that other causes such as road conditions, swerving to avoid debris or an animal on the road, or encountering another vehicle, rather than Rodriguez's failure to stay awake, are equally likely to have been the proximate cause of plaintiff's accident.  Since plaintiff has admitted that he does not know what caused him to lose control of the truck, and he presented no other witnesses who could provide evidence as to this question, it is clear that he has failed to establish a causal connection between Rodriguez's alleged breach of duty to stay awake and sit beside him and the injuries he sustained.  Therefore, because plaintiff cannot meet his burden to make a 
prima facie
 case based on negligence, we find that the trial court's entry of the directed verdict in favor of defendants was proper.

Our decision here is fully supported by the reasoning found in 
Kimbrough
 and its progeny, namely
, 
Monaghan
 and 
Geelan
.  In 
Kimbrough
, the plaintiff filed a negligence action against the defendant after she fell and injured herself on an entry ramp to the defendant's store.  The plaintiff, however, repeatedly testified in her deposition that she did not know why she fell, and she could provide no other eyewitnesses or evidence with respect to her accident to describe what caused her to fall.  The 
Kimbrough
 court affirmed the trial court's grant of summary judgment in favor of the defendant, noting that it was not enough for the plaintiff to show that she fell on the defendant's ramp but, rather, she was required to "go further and prove that some condition caused the fall and that this condition was caused by the defendant."  
Kimbrough
, 92 Ill. App. 3d at 818, 416 N.E.2d at 332.  The court concluded that because the plaintiff admitted she did not know why she fell and could provide no evidence as to this, she could not meet her burden to prove the proximate causation element of her negligence action, and her cause required dismissal.  See 
Kimbrough
, 92 Ill. App. 3d at 818, 416 N.E.2d at 332.  

Monaghan
 and 
Geelan
, cases which, like the instant one, involve vehicular accidents, adopted the holding in 
Kimbrough
 that a plaintiff must show with reasonable certainty that his injuries were caused by an alleged breach of duty on the part of the defendant in order to succeed  on a negligence theory.  See 
Kimbrough
, 92 Ill. App. 3d at 818, 416 N.E.2d at 332.  In 
Monaghan
, the plaintiff was injured when he was thrown from his motorcycle.  He brought a negligence action against the defendant city, alleging that the city failed to properly illuminate a median strip under construction which the plaintiff believed he hit with the motorcycle.  The plaintiff, however, later admitted that he had no recollection of the accident, including how, when or where it occurred.  The only occurrence witness who testified stated that he did not see the motorcycle hit anything and did not know what caused it to flip in the air.  Following 
Kimbrough
, the reviewing court upheld the trial court's grant of summary judgment in favor of the city, concluding that there was nothing in the record from which it could be reasonably inferred that any alleged breach of duty by the city in failing to illuminate the strip was a proximate cause of the plaintiff's injuries.  
See 
Monaghan
, 140 Ill. App. 3d at 924, 489 N.E.2d at 410-11 (the inference the plaintiff sought to establish as the cause of his accident was merely speculative in nature; thus, he could not show the proximate cause element and his cause of action predicated on negligence must fail).  Similarly in 
Geelan
, the decedent died from injuries she received in a single vehicle accident when she collided with the wall of an underpass pier.  The plaintiff, her mother, sued the defendant city on a negligence theory, asserting that the city's failure to provide and maintain proper lighting at the underpass caused the decedent's accident.  The trial court granted the city's motion for summary judgment, finding that the plaintiff could not establish any causal relationship between this alleged negligence and the decedent's death.  The reviewing court agreed.  The 
Geelan
 court specifically noted that without the decedent's testimony or that of any other eyewitness as to how the accident occurred, speculation was all the plaintiff could offer to show that any alleged poor lighting caused the collision, and this was insufficient to prove the element of proximate cause.  See 
Geelan
, 239 Ill. App. 3d at 530, 605 N.E.2d at 1016.  

Kimbrough
, 
Monaghan
 and 
Geelan
 are on point with the instant case.  Here, as in those cases, there is a lack of any identifiable cause in the record for plaintiff's accident.  He does not remember how or why the truck collided with the barrier wall, and he presents no evidence in this regard.  The only occurrence witness, Rodriguez, was asleep at the time of the accident and testified that he did not see how it occurred.  Plaintiff's expert could provide no reconstruction evidence and admitted that there was not enough evidence from which a cause of the accident could be determined.  Without any evidence in the record that would provide a reasonable certainty that it was, in fact, Rodriguez's failure to stay away and sit beside plaintiff which caused the accident, plaintiff cannot establish the proximate cause element of his negligence action and his case cannot proceed.  See
 
Salinas
, 161 Ill. App. 3d at 515, 515 N.E.2d at 145 (summary judgment proper where record devoid of any evidence as to why van left road and hit the plaintiff); 
Pedersen
, 136 Ill. App. 3d at 176, 483 N.E.2d at 23 (where the plaintiff could not recall how or why he fell on gym floor, summary judgment was proper since he failed to make 
prima facie
 showing that the defendants' alleged negligence in maintaining floor was the proximate cause of his injury);
 
McInturff
, 102 Ill. App. 2d at 45-46, 243 N.E.2d at 660-61 (no evidence presented as to how injury occurred; without "affirmative proof" that the defendant's negligence in maintaining stairway was proximate cause of the decedent's injuries, negligence action could not stand); 
Truelsen v. Levin
, 24 Ill. App. 3d 733, 736, 321 N.E.2d 528, 529-30 (1974) (directed verdict for defendants was proper where there was no testimony as to how or why the decedent fell while in the defendants' kitchen).

Plaintiff argues on appeal, however, that the trial court erred in directing the verdict because evidence of defendants' failure to obey state and federal statutes governing CDLs should have been presented to the jury, who could have reasonably concluded that this was the cause of his accident.  Plaintiff cites section 6-105 of the Illinois Vehicle Code (625 ILCS 5/6-105 (West 1998)), which states:

"(a) ***

(1) [A CDLP holder must be] accompanied by a licensed driver who is 21 years of age or older, who has had a valid [CDL] for at least one year and has had one year of driving experience *** and who is occupying a seat beside the driver."

Plaintiff also cites 49 C.F.R. §383.23 (1998) and its accompanying interpretation, which state:

"§ 383.23 Commercial driver's license.

(c) *** State [CDLPs] *** shall be considered valid [CDLs] ***, if the following minimum conditions are met:

(1) The [CDLP] holder is at all times accompanied by the holder of a valid CDL" (49 C.F.R. §383.23 (1998)),

383.23–Interpretations 

The holder of a valid CDL must be physically present in the front seat of the vehicle next to the [CDLP] holder and have the [CDLP] holder under observation and direct supervision" (49 C.F.R. §383.23, Interpretations, at 211 (2002)).

It is true that at the time of the accident, Rodriguez had not had his CDL for at least a year and was not in the front seat of the truck supervising plaintiff.  However, contrary to plaintiff's contention, any alleged violation by Rodriguez or defendants of these statutes would only indicate a presumptive breach of duty.  See 
Bier v. Leanna Lakeside Property Ass'n
, 305 Ill. App. 3d 45, 58, 711 N.E.2d 773, 783 (1999).  Plaintiff would still be required to demonstrate that any such breach of duty proximately caused his injuries.  See 
McInturff
, 102 Ill. App. 2d at 48, 243 N.E.2d at 662 ("[t]he negligence involved in the violation of an ordinance does not impose liability unless it proximately causes the injury or damage complained of"); accord 
Yates v. Shackelford
, 336 Ill. App. 3d 796, 802, 784 N.E.2d 330, 335 (2002); see also 
Diaz v. Kelley
, 275 Ill. App. 3d 1058, 1071, 657 N.E.2d 657, 667 (1995) (injury must have direct and proximate connection with violation of statute in order for violation to be relevant); 
Bickerman v. Wosik
, 245 Ill. App. 3d 436, 439, 614 N.E.2d 551, 553 (1993) (proximate cause is distinct element that must be established; where injured plaintiff could not remember cause of accident and because of this there was no evidence to show that violation of building code caused injuries, summary judgment was proper).  As noted above, based on the lack of evidence in the record as to how the accident happened, plaintiff fails to demonstrate that defendants' violation of these state and federal statutes dealing with CDLs was a proximate cause of the accident.  See 
Salinas
, 161 Ill. App. 3d at 517, 515 N.E.2d at 146 (the plaintiff could not show that statutory violation was proximately related to injury and, thus, summary judgment was proper); accord 
McInturff
, 102 Ill. App. 2d at 48, 243 N.E.2d at 662.

Finally, we note that plaintiff cites three cases in support of his argument on appeal.  The first two, 
Thomas v. Nelson Brothers Furniture Co.
, 167 Ill. App. 3d 49, 520 N.E.2d 1078 (1988), and 
Mort v. Walter
, 98 Ill. 2d 391, 457 N.E.2d 18 (1983)
, however, are distinguishable, and the third, 
Chladek v. Albon
, 161 Ill. App. 3d 884, 515 N.E.2d 191 (1987), is wholly inapposite. 
 In 
Thomas
, a mother brought a negligence action against the defendant when the driver of a vehicle moved around one of the defendant's parked furniture trucks and struck and killed her child.  The trial court granted a directed verdict for the defendant based on its conclusion that there was no evidence to establish that the truck obstructed the other driver's view of the street.  The reviewing court reversed, noting
 that there was conflicting evidence, as found in the testimony of several witnesses who were able to describe the accident, as to whether the truck was parked in such a way as to obstruct the driver's view.  See 
Thomas
, 167 Ill. App. 3d at 53, 520 N.E.2d at 1081.  Similarly in 
Mort
, the reviewing court reversed the trial court's grant of a directed verdict in favor of the defendant who struck a child with her car.  The court concluded that there were questions of fact raised by evidence that was presented through witness testimony detailing the weather and road conditions, the child's actions before the accident and what the driver saw before hitting the child.  See 
Mort
, 98 Ill. 2d at 398-99, 457 N.E.2d at 22-23.  In the instant case, unlike in 
Thomas
 and 
Mort
, the facts are undisputed that plaintiff can provide no evidence as to how the accident even occurred, let alone what conditions, if any, may have proximately caused it.  

As noted, the third case plaintiff relies upon, 
Chladek
, is wholly extraneous.  In that case, the reviewing court reversed the trial court's directed verdict entered against a driver who struck and killed a child.  That case, however, did not deal with proximate causation but, rather, with the breach of duty question, namely, whether the driver acted reasonably in the operation of her vehicle.  
The reviewing court determined that she had acted reasonably, based on the specific conditions presented with respect to the accident, 
i.e.
, that it occurred at night in the middle of a block containing heavy traffic, and that the victim was wearing dark clothes and was darting through traffic.  See 
Chladek
, 161 Ill. App. 3d at 888, 515 N.E.2d at 193.  Even if 
Chladek
 could be likened to the instant case, as plaintiff asserts, it is still distinguishable in that evidence was presented as to how the accident occurred, whereas here, the record is devoid of any such evidence.  

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

McNULTY and SMITH, JJ., concur.

FOOTNOTES
1:
David Martinez was originally named as a defendant in this cause, but was later voluntarily dismissed without prejudice by plaintiff, and thus, is not a party to this appeal.