CHARLOTTE M. SEPESY, Indiv. and as Adm'r of the Estate of Joseph Andrew Sepesy, Deceased, Plaintiff-Appellant, v. HUGH FULLER et al., Defendants.—(ARCHER DANIELS COMPANY, Defendant-Appellee.)

Fourth District   No. 14182

Opinion filed January 18, 1979.

Barry Chafetz, of Delano Law Offices, P. C., of Springfield, for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Carl R. Miller, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the supplemental opinion of the court:

This opinion supplements our earlier opinion in this appeal (*Sepesy v. Fuller* (4th Dist. 1978), 59 Ill. App. 3d 56, 375 N.E.2d 180). At the direction of the Illinois Supreme Court, we consider the issues of contributory negligence and proximate cause raised by the defendant, Archer Daniels Company. While we considered these issues earlier, we failed to make mention of that fact, believing that our reversal of the trial court's direction of a verdict in favor of the defendant, the ruling of the trial court being based solely on the theory that the defendant owed no duty to the plaintiff to install safety devices, was dispositive of the appeal.[1] Since contributory negligence and proximate cause are ordinarily issues of fact for the jury's consideration (*Denniston v. Skelly Oil Co.* (3d Dist. 1977), 47 Ill. App. 3d 1054, 362 N.E.2d 712), we contemplated that, on remandment, these issues would be addressed to the jury.

■■ Lack of contributory negligence on the part of the deceased must be pleaded and proved by the plaintiff. (*Hardware State Bank v. Cotner* (1973), 55 Ill. 2d 240, 302 N.E.2d 257.) In this wrongful death action, no eyewitness testimony was provided. However, the plaintiff did present evidence of the deceased's careful habits.[2] Not only is this evidence admissible, but it raises a presumption that the deceased was exercising due care at the time of the incident such that the issue ought to be submitted to the jury. (*Hardware State Bank.*) Even though a deceased may be shown to have knowledge of the danger, there is still a question of fact as to whether that person failed to exercise due care and caution for his own safety unless the totality of the evidence, viewed in its aspects most favorable to the opponent, so overwhelmingly favors the party moving for a directed verdict on the issue of contributory negligence that no contrary conclusion could ever stand. In the case at bar, there was some testimony that the defendant had delivered to the storage bin in question on a number of previous occasions and that another driver had, on other occasions, observed some trucks parked on the ramp in question to roll backward for a few feet before proceeding up the ramp. There is, however, no evidence of the distance between the deceased's truck and the truck ahead of his. Viewing this evidence in a light most favorable to the plaintiff, we would be unable to find, as a matter of law, that the deceased knew of any danger. Therefore, it is for a jury to draw the inferences to find the lack of or presence of contributory negligence.

---

[1] The trial court stated for the record, "I am holding as a matter of law there was no duty to install safety devices."

[2] This evidence consists of uncontroverted testimony of plaintiff's witnesses, Molen and Dameron.

■■ As to proximate cause, the defendant argues that it only furnished a condition and therefore the intervening negligence of another person relieves it of liability. While the defendant cites to us a number of cases, none of these cases involves actions against a landowner for negligence. In a business invitee situation, as we have here, a landowner is required to maintain the premises so as to be reasonably safe for the invitee. That presents a question of fact for the jury. If the jury finds that the defendant in the present case failed to maintain this artificial structure, which it caused to be built on its premises, in a reasonably safe manner, the jury could find that the defendant's negligence was a proximate cause of the death of the deceased, especially since, in this case, there has not been presented any direct evidence of negligence, intervening or otherwise, on the part of anyone else.

Accordingly, the judgment of the circuit court of Macon County remains reversed and the cause is remanded for a new trial.

Reversed and remanded.

STOUDER and ALLOY, JJ., concur.