F. JOAN BITNER, Adm'x of the Estate of Milo Bitner, Deceased, Plaintiff-Appellant, *v.* CENTRAL ILLINOIS LIGHT COMPANY, Defendant-Appellee.

Third District   No. 78-297

Opinion filed August 8, 1979.—Rehearing denied October 2, 1979.

Robert H. Jennetten, of McConnell, Kennedy, Quinn and Johnston, of Peoria, and Kerry R. Cordis, of Princeville, for appellant.

Charles V. O'Hern, Jr., and Randall W. Moon, both of O'Hern, Wombacher and Moon, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff, F. Joan Bitner, administratrix of the estate of Milo Bitner, deceased, brought this action against the defendant, Central Illinois Light Company, hereinafter referred to as Cilco, based upon an accident which resulted in her husband's death on August 22, 1972. Plaintiff's decedent, Milo Bitner, was painting a storage tank on the premises owned by his employer, Standard Oil Company, on August 22, 1972. Bitner had installed the storage tank himself in March of 1972. He was aware of the presence of Cilco's electrical distribution wires and discussed them with his supervisor prior to installing the storage tank. Bitner was told to paint the tank by his supervisor, and such a job was within the normal scope of his work. He had climbed a wooden ladder which he leaned against the 20-foot-high storage tank. During his painting, Bitner somehow made contact with the defendant's high voltage distribution lines and was electrocuted. He ultimately fell from the tank to the ground. He was later pronounced dead on arrival at a local hospital. The deposition of Perry Camp, Jr., an 11-year-old boy, who was present at the scene, revealed that the witness remembered that he saw the decedent climb the ladder to gain access to the upper portion of the storage tank. He remembered nothing else until he heard a crackling sound and turned and saw the decedent lying on the electrical wires.

The plaintiff's complaint contained 10 counts which may be categorized as follows:

COUNT I. Wrongful death action based upon negligence.

COUNT II. Wrongful death action based upon wilful and wanton conduct.

COUNT III. Wrongful death action based upon res ipsa loquitur.

COUNT IV. Wrongful death action based upon a negligent violation of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 77).

COUNT V. Wrongful death action based upon a wilful and wanton violation of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 77).

COUNT VI. Survival action based upon negligence.

COUNT VII. Survival action based upon wilful and wanton conduct.

COUNT VIII. Survival action based upon res ipsa loquitur.

COUNT IX. Survival action based upon a negligent violation of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 77).

COUNT X. Survival action based upon a wilful and wanton violation of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 77).

Counts I, III, VI, and VIII alleged that the decedent was in the exercise of ordinary care and that the defendant was negligent in maintaining its electrical distribution lines.

Counts II and VII alleged that the decedent was free from wilful and wanton misconduct and the defendant was guilty of wilful and wanton conduct in maintaining its electrical distribution lines.

Counts IV, V, IX and X were based upon section 73 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 77), and alleged in counts IV and IX defendant's negligence, and in counts V and X defendant's wilful and wanton conduct both for Cilco's failure to comply with General Order 160 Revised, issued by the Illinois Commerce Commission. (Plaintiff failed to allege the decedent's freedom from contributory negligence as to counts IV and IX and freedom from wilful and wanton misconduct in counts V and X.)

The defendant filed a motion for summary judgments as to counts I, III, IV, VI, VIII, and IX on the theory that the decedent was guilty of contributory negligence as a matter of law. On August 1, 1975, the trial court granted defendant's motion. Subsequently, the defendant filed a motion for summary judgment as to the remaining counts, II, V, VII, and X. Plaintiff filed motions to vacate the prior summary judgment and to strike portions of the documents attached to defendant's motion for summary judgment. At the same time the plaintiff filed counteraffidavits in opposition to defendant's affidavits which set forth the proposition that the decedent was a man of careful habits. The trial court denied plaintiff's motion to vacate the prior summary judgment and granted summary judgment in defendant's favor as to counts II, V, VII, and IX, and further granted Cilco's motion to strike the counteraffidavits of plaintiff seeking to establish the decedent's careful habits. The plaintiff timely appealed from the summary judgments and the adverse orders.

The defendant's two motions for summary judgments argued that Bitner was guilty of contributory negligence and wilful and wanton misconduct as a matter of law because the decedent was fully aware of the wires and their dangerous character. The plaintiff offered affidavits of the decedent's careful habits which were stricken by the trial court, as aforesaid.

Plaintiff has presented three issues for review:

1. Whether the trial court erred in denying plaintiff's motion to vacate.

2. Whether the trial court erred in allowing defendant's motion to strike.

3. Whether the trial court erred in allowing defendant's motions for summary judgment.

■■ Plaintiff argues at the outset that contributory negligence or contributory wilful and wanton misconduct should not be a basis for denying recovery in counts IV, V, IX and X. Those counts allege the defendant's violation of General Order 160 Revised of the Illinois Commerce Commission which promulgated rules for construction of electric power and communication lines, and base plaintiff's right to recover on section 73 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 77), which provides in this case for statutory liability for any injury or loss caused by any public utility doing an act in violation of a rule of the Illinois Commerce Commission. The plaintiff failed to allege the decedent's freedom from contributory negligence as to counts IV and IX and freedom from contributory wilful and wanton misconduct as to counts V and X. That failure is dispositive of the issue of the summary judgments on those four counts rendered in defendant's favor. In the recent supreme court case of *Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 384 N.E.2d 323, it was held under similar facts that due care on the part of a plaintiff is an essential element in a statutory cause of action under the Public Utilities Act. Accordingly the trial court did not err in entering summary judgment in favor of defendant as to counts IV, V, IX, and X where plaintiff failed to allege the decedent's exercise of due care in those counts of her complaint.

■■■ Plaintiff's argument on the remaining counts is that a genuine issue of material fact was present which should have precluded entry of the summary judgments for defendant and that the trial court erred in denying her motion to vacate the first summary judgment as to counts I, III, IV, VIII, and IX. Plaintiff contends that affidavits of the decedent's careful habits were sufficient to raise a material question of fact as to the issues of the decedent's contributory negligence and contributory wilful and wanton misconduct. Plaintiff's argued inference of due care from the careful-habits affidavits is contradicted by defendant's affidavits of facts from which an inference of the decedent's contributory negligence and wilful and wanton misconduct could be drawn. Plaintiff argues that the trial court erred in striking the affidavits of her husband's careful habits. Though the trial court has not indicated, one apparent and perhaps the obvious reason for striking the careful-habits affidavits was the presence of Perry Camp, Jr., as an alleged eyewitness to the occurrence. Affidavits showing a decedent's careful habits are to be allowed out of necessity where there is no competent eyewitness to the accident. (*Hardware State Bank v. Cotner* (1973), 55 Ill. 2d 240, 302 N.E.2d 257; *McElroy v. Force*

(1967), 38 Ill. 2d 528, 232 N.E.2d 709; *Eichorn v. Olson* (1975), 32 Ill. App. 3d 587, 335 N.E.2d 774.) The alleged eyewitness, Perry Camp, Jr., did not see the accident itself or observe the decedent's action as the accident happened. Camp was an 11-year-old "fellow employee," cousin of the decedent who apparently was sincerely unable to recall the traumatic event in detail. He testified in a deposition to remembering seeing Milo Bitner climb the ladder and did not look again until he heard a crackling noise and saw Bitner in the wires. He could not and did not testify to how the accident happened or what if anything Bitner did or did not do to come into contact with Cilco's electrical wires. In light of this witness' deposition and his lack of recollection of an actual observation of the accident, or the immediate chronology of events leading up to it after Bitner climbed the ladder, we believe he cannot be classified as a competent eyewitness.

Defendant relies upon several cases for the proposition that an eyewitness may be a competent eyewitness even though he does not observe the actual determinative event. (*Plank v. Holman* (1970), 46 Ill. 2d 465, 264 N.E.2d 12; *Barry v. Elgin, Joliet & Eastern Ry. Co.* (1971), 132 Ill. App. 2d 371, 270 N.E.2d 152.) It is not necessary for an eyewitness to see everything that occurred at the accident scene in order to render the use of secondary evidence of proof of careful habits incompetent. (*Barry v. Elgin, Joliet & Eastern Ry. Co.* (1971), 132 Ill. App. 2d 371, 270 N.E.2d 152.) However, here there was no direct evidence of the decedent's contributory negligence or contributory wilful and wanton misconduct through any witness because no witness observed the actual accident or the decedent's actions immediately leading up to the accident. In this respect the present appeal is quite distinguishable from the *Plank* and *Barry* cases. Accordingly we find the trial court erred in striking plaintiff's affidavits of the decedent's careful habits.

■■ ■ Having concluded that the plaintiff's affidavits of the decedent's careful habits were proper and should not have been stricken, we will consider the impact of that additional evidence on the issue of the propriety of the granting of the two summary judgments in favor of Cilco. Plaintiff asserts that the careful-habits affidavits created a presumption of the decedent's due care. We disagree. Rather the decedent's exercise of due care was put in issue by the plaintiff's affidavits of careful habits which were contradicted by Cilco's counteraffidavits seeking to establish a lack of due care on the part of the decedent. The question before us is whether there is a genuine issue of material fact and whether summary judgments in favor of Cilco were proper. Accordingly we must consider the pleadings, affidavits, and depositions. As we stated in *Stambaugh v. Central Illinois Light Co.* (1976), 42 Ill. App. 3d 582, 356 N.E.2d 148, "The right of the moving party to summary judgment must

be free from doubt and even where there is no dispute in the evidence, if different conclusions may reasonably be drawn from the evidence, it is the province of the jury to draw the conclusion which to them seems most reasonable. [Citation.]" (42 Ill. App. 3d 582, 584-85, 356 N.E.2d 148, 150.) Here the pleadings, affidavits and depositions present a clear question of fact as to whether the decedent, Milo Bitner, was in the exercise of due care for his own safety at the time of the accident. We cannot conclude, as the trial court did, that Bitner was contributorily negligent or guilty of contributory wilful and wanton misconduct as a matter of law. Cilco's right to summary judgment was not free from doubt.

■■ In a case quite similar factually, *Pleonse v. Illinois Power Co.* (1971), 2 Ill. App. 3d 874, 275 N.E.2d 920, the court held the question of fact was one properly presented to and decided by the jury. There an employee who died as a result of being electrocuted was working erecting a large restaurant sign in close proximity to high voltage electrical wires and no eyewitness testimony was available to his actual contact with the wires. The court concluded there that the question of contributory negligence, given the conflicting evidence of the decedent's careful habits with electricity and evidence of the clearly visible electrical wires around which decedent had worked for two weeks, was a factual question for the jury to decide. Generally the issue of whether the plaintiff has exercised due care for his own safety is one of fact proper to submit to the trier of fact. *Burke v. Illinois Power Co.* (1978), 57 Ill. App. 3d 498, 373 N.E.2d 1354; *Stilfield v. Iowa-Illinois Gas & Electric Co.* (1960), 25 Ill. App. 2d 478, 167 N.E.2d 295.

The defendant wrongly relies upon our decision in *Stambaugh v. Central Illinois Light Co.* (1976), 42 Ill. App. 3d 582, 356 N.E.2d 148, to support his theory that the plaintiff's decedent was guilty of contributory negligence as a matter of law and that the summary judgments were properly entered. The *Stambaugh* case is distinguishable. The court concluded that the plaintiff, in that case, was guilty of contributory negligence as a matter of law because he admitted in his deposition testimony that he had not looked up to see the defendant's electrical wires which were plainly visible. While contributory negligence is preeminently a question of fact, it can be a question of law when from the undisputed facts all reasonable minds in the exercise of fair and earnest judgment would be compelled to reach the conclusion that plaintiff failed to exercise that degree of due care for his safety required of an ordinary prudent person. Stambaugh's contributorily negligent conduct was his failure to look and see the plainly visible danger which he admitted by his own deposition testimony, and there were no affidavits of plaintiff's careful habits in the *Stambaugh* case. In the present case the plaintiff's pleadings and affidavits indicated the decedent was a person of careful

habits, especially with electricity, and it could be inferred therefrom that decedent was in the exercise of due care. The defendant's pleadings, counteraffidavits, and depositions contradicted the plaintiff's evidence. In such a situation we cannot agree with the trial court that the defendant's evidence is so strong that all reasonable minds in the exercise of fair and reasonable judgment would be compelled to conclude that Milo Bitner was guilty of contributory negligence or more culpably guilty of wilful and wanton misconduct. We find a genuine issue of material fact presented which is for the jury and not proper for summary judgment.

For the reasons stated the summary judgments rendered by the Circuit Court of Peoria County as to counts I, II, III, VI, VII, and VIII of the plaintiff's complaint are reversed. The summary judgments as to counts IV, V, IX, and X of plaintiff's complaint are affirmed.

Reversed in part and affirmed in part.

STOUDER, P. J., and STENGEL, J., concur.