HENRIETTE STRUTZ, as Special Adm'r of the Estate of Russell Strutz, Deceased, Plaintiff-Appellant, v. CHRISTOPHER VICERE *et al.*, Defendants-Appellees.

First District (3rd Division) No. 1—07—2564

Opinion filed April 29, 2009.

Law Office of Joseph Patrick Shea, of Chicago (Glenn Orr, of counsel), for appellant.

Bruce Farrel Dorn & Associates, of Chicago (Ellen J. O'Rourke and Jamie Kittel Manfre, of counsel), for appellees.

JUSTICE COLEMAN delivered the opinion of the court:

Plaintiff, Henriette Strutz, appeals from an order of the circuit court of Cook County granting summary judgment to defendants, Christopher and Christine Vicere, in this negligence and wrongful death action for injuries Russell Strutz sustained in a slip and fall on defendants' staircase. On appeal, plaintiff claims that the trial court erred in granting summary judgment because the evidence created jury questions as to whether the defects in the staircase were a proximate cause of the fall resulting in Russell's death. We affirm.

On March 6, 2005, Russell Strutz sustained injuries when he allegedly slipped and fell on the back staircase at his home, a two-flat owned by defendants, Christopher and Christine Vicere. Russell was a 60-year-old recently retired paramedic who had lived at the property for 8½ years with his wife, Henriette. There were no eyewitnesses to Russell's fall. Henriette testified that on the morning of Sunday, March 6, 2005, she emerged from the shower and began looking for Russell. Henriette did not find Russell in their apartment, so she called for him down the back stairs. She asked Russell what had happened and he said, "I fell down over the railing." Henriette asked if he was alright and Russell responded, "no." Henriette called the paramedics before descending the stairs, where she found Russell sitting up against the wall at the bottom of the stairs. It is not known how long Russell had been on the stairs.

The paramedics arrived and took Russell to Advocate Lutheran Hospital. The first-responding paramedics, George Radka, Catherine Shannon, and Louise Fitzpatrick, testified that they all knew Russell from his work as a paramedic. The paramedics further stated that Russell told each of them that he fell down the stairs. Catherine Shannon testified that Russell told her he was taking out the garbage and was walking backwards when he slipped and fell.

At the hospital, Russell was diagnosed with multiple cervical spine fractures. Medical records indicated that he was 6 feet 5 inches and 281 pounds and had not suffered any loss of consciousness in the fall. Russell's condition rapidly deteriorated and he lost the ability to speak and became paralyzed. Russell died as a result of his injuries on March 29, 2005.

Plaintiff filed a complaint in negligence seeking damages against Christine and Christopher Vicere for the wrongful death of her husband, Russell. Plaintiff specifically alleged that on March 6, 2005, Russell Strutz was descending an indoor common stairway when he

fell to the ground. Russell sustained cervical fractures and other injuries that resulted in his death on March 29, 2005. Plaintiff contended that defendants failed to maintain the stairs and the railing system in a reasonably safe condition. Plaintiff alleged that the staircase and railing were in violation of the City of Chicago building code. Defendants denied the allegations and asserted the affirmative defense of contributory negligence. Depositions were taken from the parties, Henriette Strutz, Christopher Vicere, and Christine Vicere. There were also depositions taken from paramedics George Radka, Catherine Shannon, and Louise Fitzpatrick. Several of Russell's family members were also deposed. There were affidavits on file from plaintiff's medical expert, Thomas Cronin, M.D., and from plaintiff's expert architect, Michael Eiben. The record also contains Russell's medical records from Advocate Lutheran General Hospital.

Defendants filed a motion for summary judgment arguing that there was no genuine issue of material fact as to the element of proximate cause. After hearing argument on the motion, the circuit court granted defendants' motion for summary judgment. Plaintiff appeals that ruling.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 2004). When deciding on a motion for summary judgment, courts consider all of the evidence presented in the light most favorable to the nonmoving party. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). The plaintiff is not required to prove her case at the summary judgment stage; however, she must present evidentiary facts to support each element of her cause of action. *Helms v. Chicago Park District*, 258 Ill. App. 3d 675, 679 (1994). A motion for summary judgment is reviewed *de novo*. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008).

Plaintiff first argues on appeal that she has provided ample evidence from which a jury could reasonably find that defendants' alleged negligence in maintaining the stairs created defects in the staircase that were the proximate cause of Russell's death. Specifically, plaintiff contends that the staircase was in violation of the City of Chicago building code, as attested to by plaintiff's retained expert, Michael R. Eiben, in his affidavit. Plaintiff asserts that the alleged building code violations combined with Henriette Strutz's deposition testimony regarding what Russell told her that he "fell down over the railing" are direct evidence of a causal connection between the staircase and the fall or, at least, create a genuine issue of material fact.

The issue of proximate cause in a negligence action is generally an issue of material fact to be decided by the trier of fact; however, if the

facts as alleged show that the plaintiff would never be entitled to recover, proximate cause can be determined by a court as a matter of law. *Abrams v. City of Chicago*, 211 Ill. 2d 251, 257-58 (2004). A plaintiff is not entitled to recover unless the defendant's alleged negligence is the legal cause of the decedent's injuries. *Kellman v. Twin Orchard Country Club*, 202 Ill. App. 3d 968, 974 (1990). "The occurrence of an accident does not support an inference of negligence, and, absent positive and affirmative proof of causation, plaintiff cannot sustain the burden of establishing the existence of a genuine issue of material fact." *Kellman*, 202 Ill. App. 3d at 974. Liability cannot be predicated on conjecture; rather, proximate cause is established when there is reasonable certainty that the defendant's acts or omissions caused the injury. *Kimbrough v. Jewel Cos.*, 92 Ill. App. 3d 813, 817 (1981).

The case at bar is similar to *Kellman v. Twin Orchard Country Club*, 202 Ill. App. 3d 968 (1990). In *Kellman*, the decedent, Morrie Kellman, was taking a shower in the Twin Orchard Country Club locker room when he fell and fractured his cervical spine. *Kellman*, 202 Ill. App. 3d at 970. There were no witnesses to Morrie's fall, though another club member, who was also taking a shower at the time, heard a "thud" and then found Morrie lying facedown in the shower stall. The other club member had helped Morrie to the showers because he was unsteady walking and had been using the wall to keep his balance. Morrie was taken to the hospital, where he was diagnosed with a cervical spine fracture and quadriplegia. *Kellman*, 202 Ill. App. 3d at 971. At the hospital, Morrie lost his ability to speak and his son developed a method of communication, whereby he would ask his father very specific questions and his father would answer by blinking once for yes and twice for no. In this way, Morrie supposedly communicated that he slipped on the shower floor because it was slippery and he had not blacked out. Morrie Kellman ultimately died of his injuries, and his family filed a negligence lawsuit against the country club. *Kellman*, 202 Ill. App. 3d at 970.

In *Kellman*, the country club filed a motion for summary judgment, which the trial court granted, arguing that there were no eyewitnesses to Morrie Kellman's fall and that the plaintiff was unable to prove causation. *Kellman*, 202 Ill. App. 3d at 972. We agreed with the trial court that Morrie's alleged statements to his son by blinking did not qualify under any hearsay exception because the circumstances surrounding them were suggestive and solicited in response to specific questions. *Kellman*, 202 Ill. App. 3d at 973. We affirmed the trial court's granting of summary judgment on the basis that there was insufficient causal link between the alleged negligence of the country

club and Morrie's fall. *Kellman*, 202 Ill. App. 3d at 975. The plaintiff, in that case, relied heavily on expert testimony to establish the condition of the shower stall and the manner in which Morrie fell. The medical testimony showed that Morrie fell forward with accelerating speed and that the injuries were consistent with a shower stall slip and fall. We held that none of that testimony addressed the issue of what caused Morrie's fall. We further held that the possibility that an unreasonably dangerous condition in the shower stall had caused Morrie to fall was insufficient to establish a causal relationship between the defendant's alleged negligence and Morrie's injuries. *Kellman*, 202 Ill. App. 3d at 975.

Here, the situation is substantially similar to that in *Kellman*. As in that case, here, there were no eyewitnesses to Russell's fall. Here, plaintiff also relies on expert testimony to try to establish a causal connection between Russell's injuries and the Viceres' alleged negligence in maintaining the staircase to Chicago building code standards. The affidavit of plaintiff's medical expert, Dr. Cronin, indicated that Russell's injuries were consistent with a "head-first" type of fall and that Russell likely landed with tremendous force on top of his head. Plaintiff, here, also relies on a liability expert to establish the condition of the stairs. In his affidavit, architect Michael Eiben averred that the stairs are spiral in design, violated the City of Chicago building code, and were dangerous. Mr. Eiben stated that the stairs were dangerous because the treads were too small, which made the stairs excessively steep, the risers' height and the tread widths were inadequate and uneven, the staircase was inadequately lit, the handrail in the center was too low and uneven, and there was no handrail on the wall side of the stairs.

Henriette testified in her deposition that the stairs were in good condition, that she had no knowledge of anything wrong with the stairs, and had never had any problems or complaints about the stairs. Christopher Vicere testified that he had never made any changes to the stairs and was not aware of any problems with the stairs. Christopher Vicere further testified that he had not had any occasion to repair the stairs in any way until after the day in question when he noticed the newel post was loose from the handrail and he tapped it back in with a hammer.

Moreover, there was testimony in the record from several deponents that Russell had health problems, especially with the circulation in his legs. There was also ample evidence in the record that Russell would sometimes walk backwards on the stairs. In fact, the paramedic Catherine Shannon testified in her deposition that Russell told her he was walking backwards on the stairs when he slipped and fell.

Unfortunately, none of the testimony and affidavits addresses the issue of what caused Russell's fall. Violations of an ordinance or a failure to comply with the building code, by themselves without evidence that the violations caused the injury, do not establish proximate cause. *McInturff v. Chicago Title & Trust Co.*, 102 Ill. App. 2d 39, 49 (1968). The possibility that the allegedly unreasonably dangerous staircase had caused Russell to slip and fall is insufficient to establish the necessary causal relationship between Christopher and Christine Vicere's alleged negligence and Russell's injuries. See *Kellman*, 202 Ill. App. 3d at 975.

Plaintiff next argues that Russell's statements to Henriette that he "fell down over the railing" and his telling her where he fell on the staircase are admissible as exceptions to the rule against hearsay because the statements are "spontaneous or excited utterances." Plaintiff relies on *Mangan v. F.C. Pilgrim & Co.*, 32 Ill. App. 3d 563 (1975), as an example of a case where the decedent's statement qualified as an excited utterance and was evidence of proximate cause. In *Mangan*, the plaintiff's decedent, Catherine Mangan, who was 83 years old at the time of the incident, fell in her kitchen and suffered injuries from which she later died. *Mangan*, 32 Ill. App. 3d at 566. Upon finding his mother on the floor of her apartment, the plaintiff's son, Edward Mangan, exclaimed, " 'My God, Mom, what happened to you?' " to which Catherine replied, " 'A mouse jumped out of the oven, and I fell.' " *Mangan*, 32 Ill. App. 3d at 566. We affirmed the trial court's finding that the statement was an excited utterance. *Mangan*, 32 Ill. App. 3d at 574. We held that there was sufficient evidence to support the jury's finding of negligence because there was testimony revealing a long-standing rodent problem and inadequate measures to relieve the problem. *Mangan*, 32 Ill. App. 3d at 576.

However, even considering the statement of decedent that he "fell down over the railing" and that he allegedly told Henriette where on the stairs he fell, those statements shed no light on what caused Russell to fall. Unlike in *Mangan*, where the plaintiff's statement provided an explanation of the cause of her fall, that a mouse jumped out of the oven, here, there is no such evidence indicating cause from Russell's statement. Therefore, even if we consider Russell's statements in the light most favorable to plaintiff, there remains a lack of evidentiary facts on causation to create a genuine issue of material fact. See *Mangan*, 32 Ill. App. 3d at 575.

Lastly, plaintiff argues that evidence of Russell's careful habits entitles plaintiff to a presumption that he was exercising due care for his safety at the time of the incident. Plaintiff contends that in a situation, such as this, where there are no eyewitnesses, due care may be

established through evidence that Russell was a man of careful habits. Plaintiff asserts that there was ample evidence that Russell was a man of careful habits and, thus, was exercising due care for his safety at the time of his fall, and this evidence is sufficient to preclude summary judgment.

Plaintiff cites three cases in support of her argument that evidence of Russell's careful habits precludes summary judgment for defendants. Plaintiff contends that *Hardware State Bank v. Cotner*, 55 Ill. 2d 240 (1973), *Sepesy v. Fuller*, 66 Ill. App. 3d 1053 (1979), and *Bitner v. Central Illinois Light Co.*, 75 Ill. App. 3d 715 (1979), are cases in which the court held that where evidence of careful habits are presented there is a presumption of due care that is sufficient to submit the case to a jury. However, these cases are inapposite to the case at bar.

In the cases cited by plaintiff referred to above, the plaintiff's contributory negligence was the basis for the court granting summary judgment for defendants. Here, the trial court granted summary judgment for Christopher and Christine Vicere, not based on Russell's contributory negligence barring recovery, but rather on the basis that there was no evidence to support the element of proximate cause. Thus, evidence of Russell's careful habits and his special training as a paramedic might be admissible to rebut Christine and Christopher Vicere's affirmative defense that Russell's contributory negligence bars plaintiff's recovery of damages. *McInturff*, 102 Ill. App. 2d at 46. However, whether Russell was exercising due care at the time of the incident has no bearing on whether there is any evidentiary support for the element of proximate cause. *McInturff*, 102 Ill. App. 2d at 48.

Therefore, absent any evidence of the cause of Russell's fall, there is no genuine issue of material fact on the issue of proximate cause and summary judgment in favor of defendants Christopher and Christine Vicere was proper. Accordingly, based on all of the foregoing analysis, we affirm the trial court's order granting summary judgment.

Affirmed.

MURPHY, P.J., and THEIS, J., concur.