# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Foreman v. Gunite Corp.*, 2012 IL App (1st) 091644

---

| | |
|---|---|
| Appellate Court Caption | ROBIN R. FOREMAN, Plaintiff-Appellant, v. GUNITE CORPORATION, a Delaware Corporation, Defendant-Appellee and Third-Party Plaintiff (Dedicated Service, Inc., and Distribution Services, Inc., Third-Party Defendants). |
| District & No. | First District, Sixth Division<br>Docket No. 1-09-1644 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | March 9, 2012<br><br>May 16, 2012<br>June 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries suffered by plaintiff truck driver when his truck rolled over while hauling a load for defendant, the entry of summary judgment for defendant based on the finding that there were no genuine issues of material fact and that plaintiff could not establish that defendant proximately caused plaintiff's injuries was reversed, since there was an issue of fact as to whether defendant caused the accident by loading the trailer with pallets down the middle and at half capacity in a manner that resulted in the truck rolling over. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-L-7740; the Hon. Eileen M. Brewer, Judge, presiding. |
| Judgment | Reversed; cause remanded. |

Counsel on
Appeal

William T. Cacciatore and Eileen J. McCabe, both of Rockford, for appellant.

Langhenry, Gillen, Lundquist & Johnson, LLC, of Joliet (Stacy K. Shelly, Troy A. Lundquist, and Mohammed Nofal, of counsel), for appellee.

Panel

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice R. Gordon and Justice Garcia concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Robin Foreman, appeals the trial court's order granting summary judgment in favor of defendant, Gunite Corporation, on the issue of proximate cause in the underlying negligence action. Plaintiff contends the trial court erred in finding that there were no genuine issues of material fact and that he could not establish that defendant proximately caused his injuries as a matter of law. Based on the following, we reverse and remand for further proceedings.

¶ 2                                                 FACTS

¶ 3     According to plaintiff's complaint, on May 18, 2001, he was employed as a truck driver by Distribution Services, Inc. (DSI),[1] to transport a load from defendant's Illinois facility to its Indiana facility. While traveling eastbound on Interstate 290 on the ramp for southbound Interstate 294, the load in plaintiff's trailer shifted causing the truck to roll over, resulting in injuries to plaintiff. Plaintiff alleged that defendant failed to properly clean, load, and tie down, fasten, or otherwise secure the items in the truck. Defendant responded to plaintiff's complaint by denying the allegations and asserting the affirmative defenses of contributory negligence and lack of joint and several liability.

¶ 4     In his deposition, plaintiff testified he had no recollection of the accident because of a brain injury that he sustained. Plaintiff, however, recalled that his truck was loaded with pallets at half of the truck's capacity and that those pallets were loaded down the middle of the truck. A bill of lading confirms plaintiff's testimony as to the weight of the haul. Plaintiff further testified at his deposition that he did not recall ever having his truck loaded with pallets down the middle prior to the date in question. At the time of the accident, plaintiff had been driving the route between defendant's facilities approximately five to six times per

_____

[1]Dedicated Service, Inc. (Dedicated), was the sister company of DSI. Dedicated leased the drivers through DSI.

week for one year. Plaintiff never raised any safety complaints against defendant. Plaintiff acknowledged that it was his obligation as a driver to inspect his load prior to leaving a facility. Specifically, plaintiff would ensure there was no loose material and that the floor of the truck was clean. Plaintiff did not recall inspecting the load on the date in question; however, he assumed that he did. Plaintiff's first memory following the accident was in the hospital. Plaintiff received traffic tickets due to the accident to which he pled guilty and paid related fines.

¶ 5 Illinois State Trooper Anthony Wise submitted an affidavit averring that he had no independent recollection of the accident and his testimony would be based on the traffic accident report that he authored upon responding to the crash, in which he provided that "the driver stated while traveling on the s/b ramp to I-294 the trailer started leaning to the side. He lost control striking the sound wall on the right shoulder. This caused the truck tractor semi-trailer to overturn resting on its right side."

¶ 6 Joseph Grossman testified at his deposition that he was a truck driver for DSI at the time in question and also drove between defendant's facilities. Defendant filed a motion to strike Grossman's deposition; however, the trial court never ruled on the motion. Grossman testified that, on the morning in question, defendant's employees loaded all of the trucks, including plaintiff's and Grossman's, with half loads, placing the pallets in a straight line down the middle of the truck. Grossman had never hauled a truck loaded in the same manner prior to that date. According to Grossman, loading a truck in that manner without any securement could cause a load to shift "just going down the road." On the date of the accident, Grossman found that his truck was leaning when he arrived at defendant's Indiana facility. In addition, two other drivers that arrived before Grossman had trucks that were leaning so severely that, when docked next to each other, the trailers were touching. Grossman observed that those drivers' loads had shifted inside of the trucks. Grossman testified that he informed his supervisor that the only reason plaintiff's truck rolled over was because the items were loaded down the middle of the truck, adding that Grossman's load had shifted on that date as well.

¶ 7 Following plaintiff's accident, DSI formed an investigation committee, which included James Erickson, DSI's safety director; Robert Wiest, DSI's operations manager and plaintiff's supervisor; and Mike Zezza, DSI's vice president of operations. After reviewing photographs of the scene and plaintiff's truck, consulting the traffic accident report, and speaking to plaintiff and other drivers with trucks loaded at the same time, the committee concluded that the cause of the accident was due to driver error resulting from excessive speed. A letter indicating the committee's conclusion was written by Weist two years after the accident.

¶ 8 Erickson testified at his deposition that a driver is responsible for inspecting and securing his load and driving in a safe and reasonable manner. Erickson did not believe the accident was caused by a load shift or defendant's error. Erickson testified that plaintiff was hired despite having four personal speeding tickets.

¶ 9 Wiest testified at his deposition that a driver is responsible for ensuring a load complies with weight restrictions and that the trailer is clean and free from any and all debris.

According to Wiest, a driver could ask that his truck be reloaded if he felt it was not safely loaded. Wiest testified that he spoke to plaintiff, who stated that his load shifted and caused the accident.

¶ 10    Zezza testified at his deposition that it is a driver's responsibility to use the most appropriate load-securing method. Zezza testified that plaintiff voluntarily quit driving for DSI on October 18, 2000. Prior to leaving, plaintiff had no safety issues indicated on his record. Plaintiff returned to his employment with DSI sometime thereafter. According to Zezza, plaintiff ultimately was terminated following the accident for operating a company vehicle in an unsafe manner. Zezza, however, could not be sure that excessive speed was the sole factor in plaintiff's accident.

¶ 11    The trial court granted summary judgment in favor of defendant, finding that plaintiff could not identify the cause of his accident and there were "a number of inferences that could be drawn" as to the cause of the truck rollover. The trial court subsequently denied plaintiff's motion to reconsider, including language pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) such that the summary judgment order was "the final judgment with no just reason to delay enforcement or appeal."

¶ 12                                    DECISION

¶ 13    Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005 (West 2000). When considering a motion for summary judgment, a court must consider all of the evidence strictly against the movant and in a light most favorable to the nonmoving party. *General Casualty Insurance Co. v. Lacey*, 199 Ill. 2d 281, 284, 769 N.E.2d 18 (2002). We review a trial court's grant of summary judgment *de novo*. *McNamee v. State*, 173 Ill. 2d 433, 438, 672 N.E.2d 1159 (1996).

¶ 14    Proximate cause is an essential element of a negligence claim that, if not proven, will prevent the plaintiff from establishing a *prima facie* case. *Bermudez v. Martinez Trucking*, 343 Ill. App. 3d 25, 29, 796 N.E.2d 1074 (2003). Although proximate cause generally is an issue of fact, if the alleged facts show that plaintiff "would never be entitled to recover, proximate cause can be determined by a court as a matter of law." *Strutz v. Vicere*, 389 Ill. App. 3d 676, 678-79, 906 N.E.2d 1261 (2009). At the summary judgment stage, a plaintiff is not required to prove his case; however, he must present evidence to support the cause of action. *Id*. at 678. "Liability cannot be predicated on conjecture; rather, proximate cause is established when there is reasonable certainty that the defendant's acts or omissions caused the injury." *Id*. at 679.

¶ 15    Proximate cause may be established through circumstantial evidence so long as "the circumstances are so related to each other that it is the only probable, and not merely possible, conclusion that may be drawn." *Keating v. 68th & Paxton, L.L.C.*, 401 Ill. App. 3d 456, 473, 936 N.E.2d 1050 (2010). Accordingly, "where the proven facts demonstrate that the nonexistence of the fact to be inferred appears to be just as probable as its existence, then the conclusion that exists is a matter of speculation, surmise, and conjecture, and the trier of fact cannot be permitted to make that inference." *Id*.

¶ 16     The question before us is whether the facts alleged by plaintiff "affirmatively and positively" showed with "reasonable certainty" that defendant's method of loading the haul down the middle of plaintiff's truck caused the truck to tip over resulting in plaintiff's injuries. We conclude that plaintiff provided sufficient facts to state a *prima facie* case. Viewing the pleadings, depositions, and affidavits in a light most favorable to plaintiff, we find that the evidence established that the accident was probably, not merely possibly, caused by the leaning of plaintiff's truck as a result of the haul having been loaded at half capacity down the middle of the truck. Defendant did not present any evidence suggesting the road conditions were a factor in the accident or that plaintiff had a history of recklessly driving his truck. Rather, defendant solely relied on DSI's internal conclusion, without physically having investigated the crash sight or the truck, that the accident was caused by plaintiff's excessive speed. Erickson, Wiest, and Zezza were not truck drivers and had no accident reconstruction education, training, or knowledge. Moreover, there were no witnesses to the crash to support an inference that the accident resulted from driver error.

¶ 17     In contrast, Illinois State Trooper Wise attested that, based on review of his accident report, plaintiff informed him that the truck began leaning to one side, which forced plaintiff to lose control and caused the truck to roll over. Plaintiff's statement qualifies as an excited utterance admissible as evidence of proximate cause. *Mangan v. F.C. Pilgrim & Co.*, 32 Ill. App. 3d 563, 574, 336 N.E.2d 374 (1975). At his deposition, plaintiff testified that, although he did not recall the details surrounding the accident, he did recall that his truck was loaded with pallets down the middle to half capacity for the first time in his career. The bill of lading confirmed his truck was loaded at half capacity. Grossman further confirmed that all of the trucks were loaded on the date in question down the middle and that his truck, along with two others, experienced leaning due to shifting loads. We recognize that defendant filed a motion to strike Grossman's deposition; however, defendant failed to obtain a ruling on its motion and, therefore, any objection thereto has been waived. *Woolums v. Huss*, 323 Ill. App. 3d 628, 633, 752 N.E.2d 1219 (2001). Additionally, although it is unclear from the record when the complaint was lodged, Wiest testified at his deposition that plaintiff reported that his load shifted and caused the accident.

¶ 18     Contrary to defendant's repeated inferential argument, plaintiff is not barred from presenting a *prima facie* case on the issue of proximate cause merely because he does not remember the accident. Essentially, under defendant's argument, a plaintiff may never bring a negligence claim if he does not remember the circumstances surrounding the event because the proximate cause argument would necessarily be based on surmise and conjecture.

¶ 19     We find that *Bermudez* and *Strutz*, as relied upon by the trial court in granting summary judgment and by defendant on appeal, are distinguishable, as is *Majetich v. P.T. Ferro Construction Co.*, 389 Ill. App. 3d 220, 906 N.E.2d 713 (2009). In *Bermudez*, this court concluded that "there [was] a lack of any identifiable cause in the record for [the] plaintiff's accident." *Bermudez*, 343 Ill. App. 3d at 33. The plaintiff in *Bermudez* alleged that he lost control of his truck and collided with a barrier wall because the defendant was asleep instead of monitoring the plaintiff's driving. *Id*. at 30. The plaintiff, however, had no recollection of the accident and there was no other evidence presented demonstrating how the accident happened or why the plaintiff lost control. *Id*. at 27. Consequently, this court held that it was

reasonable to conclude that any number of things caused the accident besides lack of supervision. *Id*. at 31-32. Similarly, there was no evidence presented as to what caused the plaintiff in *Strutz* to fall down the stairs in the defendant's apartment building. *Strutz*, 389 Ill. App. 3d at 681. The plaintiff died shortly thereafter. There were no witnesses to the fall. *Id*. at 680. An architect averred that the steps were dangerous, but there was testimony that the plaintiff had health conditions and was walking down the stairs backwards. *Id*. This court concluded that the plaintiff's statement that he "fell down over the railing" did not provide an explanation for the cause of the fall and, thus, could not create a genuine issue of material fact as to causation. *Id*. at 681. In *Majetich*, the plaintiff fell in the defendant's parking lot and later died. The plaintiff's estate alleged the defendant's were negligent in maintaining the lot. *Majetich*, 389 Ill. App. 3d at 224. There were no witnesses to the plaintiff's fall and the only thing she allegedly said after falling was she noticed a high step, reached for a pole, and fell. *Id*. at 227. The plaintiff, however, had preexisting health conditions. *Id*. The court concluded that there was no evidence presented from which it could be inferred that the defendant caused the plaintiff's injuries. *Id*.

¶ 20 Here, in contrast, there was evidence presented that defendant loaded plaintiff's truck down the middle of the trailer and at half capacity; that the truck was loaded in that manner for the first time on the date in question; that the truck was leaning just prior to the accident; and that plaintiff suffered injuries as a result of the truck rolling over. In sum, we find there is an issue of fact as to whether defendant proximately caused plaintiff's accident and injuries.

¶ 21                                                    CONCLUSION

¶ 22 We conclude that plaintiff's complaint presented a triable issue of fact and, consequently, we reverse the trial court's order granting summary judgment in favor of defendant.

¶ 23 Reversed; cause remanded.