# Illinois Official Reports

## Appellate Court

---

### *Vertin v. Mau*, 2014 IL App (3d) 130246

---

| | |
|---|---|
| Appellate Court Caption | LINDSEY VERTIN, Plaintiff-Appellant, v. ROBERT J. MAU, JR., Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-13-0246 |
| Filed | April 10, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The entry of summary judgment for defendant was upheld in plaintiff's action for the injuries she suffered when she fell down the stairs at defendant's house, notwithstanding the testimony of plaintiff's expert in building safety and stairway use that the stairs had several building code violations, since the expert's testimony was insufficient to establish any genuine issues of material fact in the absence of any evidence as to what caused plaintiff to fall. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 12-L-366; the Hon. Michael J. Powers, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas M. Paris (argued), of Chicago, for appellant.<br><br>Wade T. Shimer (argued), of Wunderlich Law Office, of Joliet, for appellee. |

PRESIDING JUSTICE LYTTON delivered the judgment of the court, with opinion.

Justices Carter and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Lindsey Vertin, appeals from an order of the circuit court granting summary judgment to defendant, Robert J. Mau, Jr., in a negligence action for injures she sustained when she slipped and fell on Mau's stairs. On appeal, she claims that the trial court erred in granting summary judgment because the evidence created questions for the jury as to whether the defects in the stairway were a proximate cause of her fall. We affirm.

¶ 2    On January 21, 2011, Vertin was a guest in Mau's home. As she walked down an interior staircase leading from the upstairs bedroom to the main floor, she slipped and fell. She filed a single-count complaint against defendant, alleging that his failure to properly maintain the stairs caused her injury.

¶ 3    In her deposition testimony, Vertin stated that the incident occurred between 11:45 p.m. and 12:15 a.m. She was upstairs with Mau, and they were getting ready to go to bed. She needed to use the bathroom, so she headed downstairs. As she walked down the stairs, she fell. Vertin testified that she was wearing socks and that all of the lights in the house were off except for the television light. She fell down the stairs from the second step down. Vertin stated that she "stepped down from the first step to the second step and tripped." She did not know why she fell. She could not recall feeling anything give way that would have caused her to lose her balance. She did not know if the carpet was loose or if any of the steps were insecure. When she fell, she hit the wall and broke her left elbow. Vertin testified that she had been up and down Mau's stairs "probably over a hundred" times before that night. She had fallen down the stairs in the same spot a few weeks earlier and injured her tail bone, but she did not know what caused her to fall then either.

¶ 4    Mau was also deposed. He stated that on the evening of the incident, Vertin said she was going downstairs to go to the bathroom. He told her to wait because he was going to go downstairs as well. Before he got out of bed, he heard her fall and scream. He immediately ran downstairs to see what happened. Vertin was lying on the living room floor on her back holding her elbow. He did not see how she fell or on which stair she fell from. He could not remember if there were any lights on in the bedroom or downstairs at the time of Vertin's fall. Mau testified that Vertin had "gone up and down those stairs hundreds of times in the past." Mau did not witness the fall, but Vertin told him that she fell backwards. He believed Vertin hit her elbow on one of the stairs. Mau testified that Vertin had been out with friends for dinner that night and that he smelled alcohol on her breath when she came to his house.

¶ 5    Mau filed a motion for summary judgment, arguing that judgment should be entered as a matter of law because Vertin could not identify any defect in the stairs which caused her to fall. Vertin responded to Mau's motion by filing an affidavit of Jake Pauls, an expert in building safety and stairway use. In paragraph 3 of his affidavit, Pauls opined that "[w]hile Lindsey Vertin claims that she does not know exactly why she fell, the cause of her fall, and likely her prior fall, is as a result of the unreasonably dangerous stairs that she was descending at [Mau's]

home." Pauls stated that Mau's home stairway had "multiple defects prohibited by various building codes over the years, and known by me and others knowledgeable in the field of stairway safety to be dangerous." He also stated that most of the defects were "frequently identified as proximate causes for missteps *** and falls resulting in injury." Pauls specifically listed several defects regarding Mau's stairway, including (1) inadequate tread depth, (2) nonuniform run depth from step to step, (3) nonuniform "nosing" (leading edge), (4) excessively thick and rounded carpeting at the nosings, (5) inadequate stair width, and (6) absence of a handrail, "which could or would have been used to arrest the fall, and/or prevent the fall by allowing Ms. Vertin to steady her descending gait." He averred that all of the defects violated the minimum standards set forth in the basic building code of the "Building Officials of America." In addition to recognizing the defects in the stairway, Pauls stated that "while an individual stairway user (such as the Plaintiff) may not be able to identify exactly why she fell, based upon years of research, I (and others) are [*sic*] able to discern why someone has fallen on a given stairway."

¶ 6        The trial court granted summary judgment in Mau's favor. The court held that under *Strutz v. Vicere*, 389 Ill. App. 3d 676 (2009), summary judgment was appropriate because Vertin failed to establish proximate cause.

¶ 7                                                    ANALYSIS

¶ 8        At the summary judgment stage, a plaintiff is not required to prove his case; however, he must present evidence to support the cause of action. *Kellman v. Twin Orchard Country Club*, 202 Ill. App. 3d 968, 974 (1990). The mere occurrence of an accident does not support an inference of negligence, and absent positive and affirmative proof of causation, the plaintiff cannot sustain the burden of establishing the existence of a genuine issue of material fact. *Id*.

¶ 9        Here, Vertin claims that the trial court erred in granting judgment in Mau's favor as a matter of law. She argues that Pauls' affidavit provides ample evidence from which a jury could find that the unreasonably dangerous condition of the stairway was the proximate cause of her fall. In the alternative, she argues that the lack of a handrail, alone, was sufficient evidence to deny Mau's motion for summary judgment.

¶ 10        Proximate cause is an essential element of a negligence claim that, if not proved, will prevent the plaintiff from establishing a *prima facie* case. *Bermudez v. Martinez Trucking*, 343 Ill. App. 3d 25, 30 (2003). The term "proximate cause" describes two distinct requirements: cause in fact and legal cause. *Simmons v. Garces*, 198 Ill. 2d 541, 558 (2002). A defendant's conduct is a "cause in fact" of the plaintiff's injury if it is a material element and a substantial factor in bringing about the injury. *Abrams v. City of Chicago*, 211 Ill. 2d 251, 258 (2004) (citing *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 455 (1992)). Legal cause, by contrast, is established only if a defendant's conduct is so closely tied to the plaintiff's injury that he or she should be held legally responsible for it. *Id*. While the issue of cause is generally a question of fact for the jury to decide, the lack of proximate cause may be determined by the court as a matter of law where the facts alleged do not sufficiently demonstrate both cause in fact and legal cause. *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 395-96 (2004).

¶ 11        In *Strutz v. Vicere*, the court considered this issue in the context of a defective stairway and concluded that proximate cause was lacking as a matter of law. In that case, no evidence was presented as to what caused the plaintiff to fall down the stairs in the defendant's apartment building. The plaintiff died a few weeks later, and there were no eyewitnesses to the fall. In an

affidavit, the plaintiff's expert architect averred that the steps were dangerous because they violated the City of Chicago building code. He opined that the stairs were unreasonably dangerous because the treads were too small (which made the stairs excessively steep), the tread widths were inadequate and uneven, the staircase was inadequately lit, the handrail in the center was too low, and there was no handrail on the wall side of the stairs. The trial court granted summary judgment in favor of the defendant. *Strutz*, 389 Ill. App. 3d at 678.

¶ 12 On appeal, the reviewing court held that, absent any evidence that the safety violations caused the injury, the violations by themselves did not establish proximate cause. The court further concluded that the plaintiff's statement that he " 'fell down over the railing' " did not provide an explanation for the cause of the fall and could not create a genuine issue of material fact as to causation. *Id.* at 681.

¶ 13 Similarly, in *Kellman*, there were no witnesses to the decedent's fall. *Kellman*, 202 Ill. App. 3d at 970-71. The decedent, Morrie Kellman, was taking a shower in a country club locker room when he fell and fractured his spine. Another club member, who was also taking a shower at the time, heard a "thud" and found Kellman lying facedown in the shower stall. Kellman's family filed a negligence lawsuit and relied on expert testimony to establish the condition of the shower stall and the manner in which he fell. The country club filed a motion for summary judgment, arguing that there were no eyewitnesses to the fall and that the plaintiff was unable to prove causation. The trial court granted the defendant's motion, and the appellate court affirmed. The court noted that none of the testimony addressed the issue of what caused Kellman's fall and concluded that the possibility that an unreasonably dangerous condition in the shower stall had caused him to fall was insufficient to establish a causal relationship between the defendant's alleged negligence and Kellman's injuries. *Kellman*, 202 Ill. App. 3d at 975.

¶ 14 As in *Strutz* and *Kellman*, no one witnessed Vertin's fall. Vertin attempts to present expert testimony to establish a causal connection between her injury and Mau's alleged negligence. In response to defendant's summary judgment motion, Vertin relied heavily on her liability expert to establish the dangerous condition of the staircase. Pauls averred that the stairs were dangerous because they were nonuniform, had an inadequate tread depth, had excessive carpeting at the nosings and lacked a handrail in violation of uniform building code standards. However, both Vertin and Mau testified that they did not know what caused Vertin to fall down the stairs. According to Vertin, she started down the stairs, tripped and fell. Mau testified that he did not see Vertin fall; he heard her scream, and when he reached the top of the stairs, she was lying at the bottom of the stairway. Unfortunately, none of the testimony and affidavits addresses the issue of what caused Vertin's fall.

¶ 15 Further, we disagree with Vertin's argument that the lack of a handrail in violation of building code requirements is sufficient to create a genuine issue of material fact. Violating an ordinance or failing to comply with a building code, by itself, does not establish proximate cause. *McInturff v. Chicago Title & Trust Co.*, 102 Ill. App. 2d 39, 49 (1968). As the court in *Strutz* held, the possibility that the allegedly unreasonably dangerous stairway caused the plaintiff to slip and fall is insufficient to establish the necessary causal relationship between the defendant's alleged negligence and the plaintiff's injury. See *Strutz*, 389 Ill. App. 3d at 681; *Kellman*, 202 Ill. App. 3d at 975.

¶ 16    Absent any evidence of the cause of Vertin's fall, there is no genuine issue of material fact for the trier of fact to determine. We therefore affirm the trial court's order granting summary judgment in favor of Mau.

¶ 17                                    CONCLUSION
¶ 18    The judgment of the circuit court of Will County is affirmed.

¶ 19    Affirmed.